MILBERT F. PRICE and LOUIS E. LYONS, trading under the firm name, style and title of FRANKLIN PRICE COMPANY, *vs.* LAURA L. CLOUD.

1. PLEADING—VERIFICATION—ACTIONS UPON WRITTEN INSTRUMENTS—"FILING".

In an action for goods sold, the incorporation of the order for the goods in the declaration and making it a part thereof, without filing it or appending it to the declaration, was not a "filing", within *Rev. Code* 1852, amended to 1893, *p.* 791, *c.* 106, § 5, providing that in any action upon an instrument in writing, a copy of which is filed with the declaration, etc., the execution of such instrument shall be taken as admitted, unless defendant files an affidavit denying the signature when filing his plea.

2. PLEADING—VERIFICATION—EXECUTION OF WRITTEN INSTRUMENT.

Under *Rev. Code* 1852, amended to 1893, *p.* 791, *c.* 106, § 5, providing that in any action upon an instrument in writing, a copy of which shall have been filed with the declaration, the execution thereof is admitted, unless defendant files with his plea an affidavit denying the signature, defendant is not required to file such affidavit, unless plaintiff has filed with his narr. a copy of the instrument.

3. PLEADING—VERIFICATION—"INSTRUMENT OF WRITING".

In an action for goods sold and delivered, the order for the goods, though one of the steps in the proof of plaintiff's case, was not an "instrument of writing," within *Rev. Code* 1852, amended to 1893, *p.* 791, *c.* 106, § 5, providing that in any action upon any deed, etc., "or other instrument of writing," the execution of same shall be taken as admitted, unless defendant files with his plea an affidavit denying such execution.

(*February* 23, 1914.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.

*Charles H. Le Fevre* for plaintiff.

*Levin Irving Handy* for defendant.

Superior Court, Kent County, February Term, 1914.

Action by Milbert F. Price and Louis E. Lyons, trading under the firm name and style of the Franklin Price Company, against Laura L. Cloud. Verdict for defendant.

SUMMONS CASE (No. 9, April Term, 1913) to recover the price for goods sold and delivered upon the alleged written order of the defendant. The order was embodied in and made part of the declaration, but was not otherwise filed.

At the trial, objection was made by defendant to the introduction of the order without proof of its execution.

The facts and contentions appear in the opinion of the court.

·PENNEWILL, C. J., delivering the opinion of the court:

In this case the plaintiffs have sued for the sum of ninety-four dollars and eighty-eight cents, which is alleged to be the price or value of certain goods claimed to have been ordered by the defendant, delivered to a railroad company in Iowa, and consigned to the defendant in Smyrna, Delaware.

The plaintiffs also claim that the goods were sold and shipped in pursuance of a written order signed by the defendant, which order constitutes their cause of action and is the instrument sued upon in this case.

Instead of filing the order with their declaration, or appending it thereto, the plaintiffs embodied it in, and made it a part of, their declaration, as follows:

"For that whereas, heretofore, to wit, on the thirteenth day of November, 1912, at the Town of Smyrna aforesaid, the said defendant, by a certain order then and there made in writing under her hand, bargained with the said plaintiffs for the sale and delivery of the goods listed and mentioned in said order, as aforesaid, upon the terms stipulated in said order as aforesaid; and the said plaintiffs, at the special instance and request of the said defendant then and there made, afterwards, to wit, on the fourth day of December, 1912, in Kent County aforesaid, approved of said order and then and there sold and delivered to the said defendant the goods listed and mentioned in said order as aforesaid, according to the terms, stipulations and directions mentioned in said order. And the said goods having been sold and delivered as aforesaid, the defendant did not pay the price of the same according to the terms stipulated in the defendant's order as aforesaid, and thereupon, thirty days from the date of said invoice, according to the terms stipulated in said order, she, the said defendant became and was indebted to the said plaintiffs," etc.

[1] The defendant contends that the incorporation of the order in the declaration in the manner stated, and making it a part thereof, was not a *filing* within the meaning of the statute, *Rev. Code* 1852, amended to 1893, *p.* 791, *c.* 106, *section* 5 of which reads as follows: "In any action brought upon any deed, bond,

bill, note or other instrument of writing, a copy of which shall have been filed with the declaration, the defendant not being an executor or administrator, shall not, on the trial be allowed to deny his signature or that of any other party to the instrument, and the execution of such instrument shall be taken to be admitted unless the defendant shall have filed an affidavit, denying the signature, at the time of filing his plea, or within such further time as the court shall, on motion allow."

The defendant further contends that if the incorporation of the order in the declaration was a "filing" within the meaning of the statute, it is not an instrument of writing *upon which the present action was brought*, within the contemplation of said act.

The testimony for the plaintiffs consists mainly of depositions; the said order was made a material part of the deposition of one of their witnesses, and a copy thereof appended to and made a part of this testimony.

The manifest purpose of the statute referred to was to facilitate the trial of causes by relieving the plaintiffs of the necessity, or difficulty, of proving the execution of the instrument sued on.

If the signature to the instrument sued upon, and a copy of which is appended to the narr., be not in fact the signature of the defendant, then he should file with his plea an affidavit denying his signature. *Woolley on Delaware Practice, Vol.* 1, § 371.

[2] But the defendant is not required to do this unless the plaintiff has *filed* with his narr. a copy of the instrument sued upon, and this we think the plaintiff has not done in the present case. We are of the opinion that making the order a part of the declaration was not a filing within the meaning of the law. The act of the plaintiff must be of such a nature as to clearly inform the defendant that the paper was *filed* with the declaration, otherwise he would not think it necessary to file with his plea an affidavit denying his signature, and in many cases would be prevented, without any fault on his part, from making a good defense.

[3] And besides, this action is brought for goods sold and delivered, and not upon the order in question.

The order is no doubt one of the steps or links in the proof

of the plaintiff's case, but it is not "an instrument of writing" upon which the present action was brought.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by the plaintiff against the defendant to recover the sum of ninety-four dollars and eighty-eight cents, claimed to be due and owing from the defendant for goods sold and delivered by the plaintiff to the defendant. The issue in this case is single and very simple. It is this, whether the defendant did or did not order the goods in question. It is not denied that the goods were delivered to the railroad company in Iowa and sent to the defendant in Smyrna. It is not denied that they arrived at Smyrna. But the defendant refused to receive them on the ground that she had not ordered them. So it all comes back to the simple question, did the defendant order the goods, that is, did she sign the order in question in this case?

If you believe from the preponderance of the testimony that she did sign the order, your verdict should be for the plaintiff for the amount of the claim, ninety-four dollars and eighty-eight cents. Otherwise your verdict should be for the defendant.

Verdict for defendant.