**RAPID TRANSIT LINES, INC., et al.,**
**Appellants,**

v.

**Catherine Mary DOYLE, Appellee.**

**No. 295.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 14, 1970.

Rehearing Denied Feb. 18, 1970.

Harry L. Tindall, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellants.

Don R. Riddle, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

BARRON, Justice.

This is a personal injury suit brought by Catherine Mary Doyle alleging negligence against Rapid Transit Lines, Inc. and its bus driver, Frank Chumley. After a trial by jury, judgment was rendered in favor of plaintiff for $11,090. From that judgment, this appeal has been perfected by Rapid Transit Lines, Inc. and Frank Chumley.

Appellee, Catherine Mary Doyle, is sixty-three years of age. She alleges that she was injured while trying to board a "Shopper's Special" on Main Street by the Rice Hotel in Houston, Texas. The bus was owned by Rapid Transit Lines, Inc. and was driven by its operator, Mr. Chumley. Appellee testified that she had gone to the Eastern Airlines ticket office in the hotel to inquire about carrying a large suitcase on an impending trip to Canada. She then carried this large suitcase to Main Street to board the bus to return to her parked automobile. Although she had ridden buses before, she had never attempted to board a bus with a large suitcase. She testified that while stepping onto the bus, it "jerked" causing her to fall forward and thereby receiving the injuries made the basis of this lawsuit.

The testimony was conflicting, and at least three other witnesses corroborated the bus driver's version of the accident. Each witness testified that the bus never moved while appellee was trying to board.

The jury found the defendants negligent, and while finding the plaintiff did not use the handrail on the bus, exonerated appellee of all acts of negligence. Judgment was rendered in accordance with the verdict on March 4, 1969.

Appellants first contend that the trial court erred in submitting special issue number one to the jury because such issue was a comment on the weight of the evidence and assumed controverted facts. The special issue involved reads as follows:

"Do you find from a preponderance of the evidence that the bus driver failed to give Miss Catherine Doyle an adequate opportunity to board the bus before starting the bus in motion?"

The jury answered the above special issue number one "We do." Appellants objected to the submission of such issue on the ground that the phrase "before starting the bus in motion" was a comment that the driver actually started the bus in motion, and that such was a disputed fact in this case which was assumed to be true by the trial court.

 It is undisputed that the bus did actually start up at some time, and we believe that this was the act of starting up which the trial court was referring to in special issue number one. The fact that Miss Doyle fell while boarding the bus is uncontroverted. The question of timing is the real inquiry, whether the bus started up or jerked *while* appellee was in the act of boarding the bus. We cannot agree with appellants' contention, and we overrule it. Beaumont City Lines v. Williams, 221 S.W.2d 560, 563 (Tex.Civ.App.), writ ref., n. r. e. And see Meyer v. Great American Indemnity Company, 154 Tex. 408, 279 S.W.2d 575; Commercial Standard Insurance Company v. Allred, 413 S.W.2d 910 (Tex.Sup.). Not only must appellants show that special issue number one technically constitutes a comment on the weight of the evidence, but they also have the burden of showing that the wording of the issue probably misled the jury and caused the jurors to believe that the trial court was conveying to the jury his opinion of the evidence. Texas Employers Ins. Ass'n v. McKay, 146 Tex. 569, 210 S.W.2d 147 (Tex.Sup.); Consolidated Underwriters v. Whittaker, 413 S.W.2d 709 (Tex.Civ.App.), writ ref., n. r. e. We do not think the jury was misled by special issue number one above.

 Appellants further contend that the trial court erred in not dismissing James Luther Randolph from the jury aft-

er he was selected as a juror. The juror in question had heard some of the testimony. He approached the bench at noon and stated that in view of testimony he had heard it would be difficult for him to sit on the jury. Appellants state that counsel moved to strike the juror, or alternatively, moved for mistrial because of the juror's admitted inclination to draw upon outside experiences. Appellants state that because of the statement by the juror to the trial court, the juror should have been removed from the jury. The trial court questioned the juror and determined that he was not biased. The court accordingly refused to strike him. The record does not show precisely what the juror said in response to the trial court's questions, and the record is incomplete in this regard. Unless the record is clear that bias or prejudice actually existed, it must be presumed that the evidence was sufficient to support the trial court's finding as to lack of disqualifying bias or prejudice, and the finding cannot be disturbed on appeal. City of Hawkins v. E. B. Germany and Sons, 425 S.W.2d 23 (Tex.Civ.App.), writ ref., n. r. e. And see Compton v. Henrie, 364 S.W.2d 179 (Tex. Sup.). The contention is overruled.

■ Appellants complain of the jury argument of appellee's counsel. They state that the trial court erred in not sustaining appellants' objection to the suggestion of appellee that defense counsel had fabricated a prior claim of appellee against Rapid Transit Lines, Inc. The contention is not supported by the record. Appellants' counsel discussed the fact that appellee's counsel could have subpoenaed certain evidence, and appellants' objection to the argument was related to appellee's comments and discussion of the identical question. We believe the comments in appellee's closing arguments were invited by appellants, and that the trial court was justified in overruling the objections and requests made. We do not believe the arguments complained of constituted error or that such claimed error, if any, was reversible.

■ We have carefully examined the record in this case, and we find the evidence sufficient to support the verdict of the jury. We hold that the jury's verdict was not so against the great weight and overwhelming preponderance of the evidence as to be clearly wrong but was fully supported by the evidence.

The judgment of the trial court is affirmed.