WHALEN, Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent: DAMEROW, Defendant.*

*No. 350. Argued June 2, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 820.)

---

* Motion for rehearing denied, with costs, on September 8, 1971.

For the appellant there were briefs by *Axel, Aaron & Goldman,* attorneys, and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Mr. Clack.*

For the respondent there was a brief by *Thomas J. Regan,* and oral argument by *Denis J. Regan,* both of Milwaukee.

HEFFERNAN, J. Appellant is, of course, correct—the evidence which was admitted to show the policy limits was inadmissible as hearsay. It was acknowledged during oral argument that Exhibit 1 was a nullity. We conclude that Exhibit 18 was also inadmissible. It consisted of a copy of what purported to be the particular insurance policy. What the defendant ostensibly sought to prove was the contents of the policy. Counsel for defendant attempted this proof by the following declaration [1] appended to the copy of the policy:

"I hereby declare that I have examined the records in the office of State Farm Fire and Casualty Insurance Company, Automobile Division, and declare that the attached instrument is a true and correct copy of a policy of insurance issued to Joyce Schmit dated May 24, 1966, and in force on May 7, 1967.

Dated April 8, 1970

s/ E. J. Wasowicz
Witness s/ Clifford H. Bokkun
Witness s/ Louise Banta"

The declaration bore the following acknowledgment:

"State of Minnesota
County of Ramsey
Personally came before me this 8th day of April, 1970, the above named, E. J. Wasowicz, to me known to be the person who executed the foregoing instrument and acknowledged the same.

Acknowledged s/ E. J. Wasowicz
Notary Public s/ Betty J. Nelson
Betty J. Nelson
Notary Public, Ramsey County, Minn.
My Commission Expires June 9, 1973
(Seal)"

Counsel for State Farm Mutual defends this procedure on the grounds that sec. 889.23, Stats., provides sufficient

---

[1] While it should be noted that this declaration is not under oath, we do not base the infirmity of proof on that factor.

basis for the authentication and, hence, admissibility of the policy. That statute provides:

"**889.23 Acknowledged writings, evidence.** Every written instrument, except promissory notes and bills of exchange, and wills, may be proved or acknowledged in the manner now provided by law for taking the proof or acknowledgment of conveyances of real estate and when so proved and acknowledged shall be competent evidence whenever it is relevant. Any instrument, which is attested but which is not required by law to be witnessed, may be proved as though there were no attesting witness thereto."

We conclude that the statute in question was not intended to provide an automatic admission of otherwise hearsay statements except in the very limited category of "instruments" that are "acknowledged" by the signers of the instruments themselves. An affidavit (if this writing can be so denominated) is not an "instrument" in this sense, and neither is the insurance policy itself. The statute obviously refers to those categories of writing that "are said to 'prove themselves' or to be 'self-identifying.' In consequence, one of these may be tendered to the court and, even without the shepherding angel of an authenticating witness, will be accepted in evidence for what it purports to be." McCormick, *Evidence* (hornbook series), p. 397, sec. 186.

The statute gives no evidence that it was to be used to "bootstrap" into evidence hearsay evidence not clearly encompassed within its definition.

The insurance company seeks, first, to have the hearsay utterances of Wasowicz accepted as the truth and, then, asks for the acceptance of the declarations of the policy itself. The statute cited does not so permit. We find that the trial court erred in respect to the admission of this evidence.

If reliance is to be placed upon a statutory exception to the hearsay rule, we believe sec. 889.25, Stats., in

regard to business records, is appropriate; and, of course, that statute requires that the business "record" or "writing" be identified by a custodian of the record.

Moreover, a copy of the insurance policy should not have been permitted under any hearsay exception until the best-evidence rule had been satisfied. *Kubiak v. General Accident Fire & Life Assurance Corp.* (1962), 15 Wis. 2d 344, 350, 113 N. W. 2d 46. While there was testimony of an equivocal nature that the wife of the assured had been diligent in attempting to discover the original policy, no testimony was elicited to show the nature of the search. Jones, *Evidence* (5th ed.), pp. 464, 465, sec. 240, points out that the facts showing diligence should be set forth. ". . . the general statement that diligence has been used or a mere perfunctory showing of some diligence will not ordinarily suffice."

The invocation of the best-evidence rule rests largely in the discretion of the trial judge and that discretion will not be disturbed on appeal unless there appears a clear abuse. *Peterson v. Warren* (1966), 31 Wis. 2d 547, 143 N. W. 2d 560.

The plaintiff did not waive her right to object to the defendant's evidence in respect to insurance coverage. The admission of Exhibit 18 was so intertwined with plaintiff's postverdict motions in respect to Exhibit 1 that we conclude that plaintiff properly preserved her objections in regard to both exhibits.

We are satisfied that under sec. 251.09, Stats., the insurance company is entitled to the right to retry that portion of the case relating to insurance liability limits. It is apparent that the defendant insurance company relied upon the evidentiary rulings of the trial judge, and, in so doing, it very likely refrained from introducing other competent and admissible evidence that was available. Fairness requires that State Farm Mutual be given the opportunity to produce admissible evidence in regard to its policy limits. *Thommen v.*

*Aldine Trust Co.* (1931), 302 Pa. 409, 153 Atl. 750; *Pringle v. Neff* (1934), 112 Pa. Super. 547, 172 Atl. 26; *Corpron v. Safer Foods, Inc.* (1964), 22 Wis. 2d 478, 126 N. W. 2d 14.

*By the Court.*—Judgment reversed, and cause remanded for additional proceedings not inconsistent with this opinion. Costs are denied on this appeal.