**B. D. RAY, Appellant,**

v.

**Ronnie D. SHAFER, Appellee.**

**No. 17578.**

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 7, 1975.

Kelly & Walker, and Jearl Walker, Fort Worth, for appellant.

Law Offices of C. Coit Mock, and Wm. J. Fleniken, Jr., Fort Worth, for appellee.

OPINION

SPURLOCK, Justice.

This is an appeal from an order overruling a plea of privilege.

We reverse and remand.

This is an action by Ronnie D. Shafer against B. D. Ray and the Estate of Charles Lee Mason, for damages resulting when a tractor trailer owned by Ray and being driven by Mason, now deceased, collided with the rear of plaintiff's vehicle.

When the hearing on this plea of privilege and controverting affidavit came on to be heard, the trial court, at the request of plaintiff, took judicial knowledge of the evidence introduced in the first plea of privilege hearing between Shafer and the Estate of Mason. The only evidence offered in the present trial was the testimony of the official court reporter who testified that he had made an official record of the testimony of all the witnesses in the prior hearing; he had his shorthand notes of that trial in the courtroom and they were full and correct notes of that proceeding. The notes were admitted in evidence. The shorthand notes are not a part of the record before this Court.

Ray assigns three points of error. The first point is a no evidence or insufficient evidence of an act of negligence. Point two is the same except as applying to proximate cause. The third point of error is the action of the trial court in taking judicial notice of the testimony of the prior trial between different parties but in the same suit. We sustain each of those points.

Such testimony is not an exception to the hearsay rule. White v. Natural Gas Pipeline Company of America, 444 S.W.2d 298 (Tex.Sup., 1969) and Houston Fire & Casualty Insurance Co. v. Brittian, 402 S.W.2d 509 (Tex.Sup., 1966).

■ Such evidence was hearsay and will not support the judgment unless the court can take judicial knowledge of such evidence.

■ Even had the parties to each proceeding been the same, the court could not have taken judicial knowledge of such testimony. Ex Parte Turner, 478 S.W.2d 256 (Houston, Tex.Civ.App., 1st Dist., 1972, no writ hist.); Continental Oil Company v. P. P. G. Industries, 504 S.W.2d 616 (Houston, Tex.Civ.App., 1st Dist., 1973, ref., n.r.e.).

■ Ray did not object to the evidence on the grounds that it was hearsay. However, regardless of whether it is objected to or not, hearsay evidence alone cannot constitute the basis for a judgment unless it comes within one of the exceptions to the hearsay rule. Wood v. Self, 362 S.W.2d 188 (Dallas, Tex.Civ.App., 1962, no writ hist.); 24 Tex.Jur.2d 89, "Evidence," Sec. 573, "Effect of failure to object to hearsay evidence." No exception to the hearsay rule exists in this case.

■ We hold that there is both no evidence and insufficient evidence to sustain the order overruling the plea of privilege.

Since the evidence was not fully developed this cause is reversed and remanded for a new trial.