Katherine WILLS, Appellant,

v.

R. G. BENEKE & CO. et al., Appellee.

No. 19532.

Court of Civil Appeals of Texas,
Dallas.

July 12, 1978.

Rehearing Denied Aug. 18, 1978.

Charles Ben Howell, Dallas, for appellant.

Gary C. Crapster, Strasburger & Price, Dallas, for appellee.

ROBERTSON, Justice.

Katherine Wills entered into a contingency fee contract with the R. G. Beneke & Co. whereby Beneke agreed to aid Wills in negotiating a $36,515.48 fire and theft insurance claim. Beneke failed to timely file the proof of loss, and the insurance company refused to pay the claim. Subsequently, Wills employed an attorney who negotiated a settlement by which the insurer agreed to pay Wills $15,519.41 on the claim. After negotiating this settlement with the insurer, Wills sued Beneke for the difference in her original claim and the settlement amount, claiming that but for Beneke's

negligent failure to file timely proof of loss, she would have recovered the entire amount of her claim. The trial court instructed a verdict for Beneke, and Wills now appeals. We affirm.

The primary question on this appeal is whether Wills adduced sufficient evidence to show that the Beneke's failure to timely file the proof of loss was the proximate cause of the reduced settlement amount. Wills testified that her attorney obtained the reduced settlement for her, and the attorney testified to a limited extent concerning his involvement in the case. Neither witness, however, testified as to the nature and content of the negotiations with the insurer, nor was any representative from the insurer called to testify.

▇▇ The only documentary evidence introduced by Wills was a letter, written by the insurer some two months before the proof of loss was due, stating that the insurer intended "to invoke [the proof of loss condition] in its entirety." As an out-of-court statement offered for the purpose of verifying the insurer's intent to rely upon the proof of loss condition, this letter is hearsay, *Hartford Accident and Indemnity Co. v. McCardell,* 369 S.W.2d 331 (Tex.1963), and has no probative value unless within an exception to the hearsay rule. *Ray v. Shafer,* 519 S.W.2d 525, 526 (Tex.Civ.App.—Fort Worth 1975, no writ); *Knapik v. Edison Bros., Inc.,* 313 S.W.2d 335, 337 (Tex.Civ.App.—Waco 1958, writ ref'd). Although Wills urges that the letter falls within the "business records" exception to the hearsay rule, we conclude that this exception is inapplicable. The "business records" exception is set forth in art. 3737e of the Texas Revised Civil Statutes, and requires, as a prerequisite to admissibility, findings that:

   (a) the memorandum or record prepared in the regular course of business; and

   (b) it was the regular course of that business for an employee or representative of such business with personal knowledge of the act, event or condition to make the memorandum or record or to transmit information to be included in the memorandum or record; and

   (c) the memorandum or record was made at or near the time of the act, event or condition or reasonably soon thereafter.

Tex.Rev.Civ.Stat.Ann., art. 3737e (Vernon Supp.1978); *Hanson Southwest Corp. v. Dal-Mac Construction Co.,* 554 S.W.2d 712, 722 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.). In the present case, there is no evidence concerning these three prerequisites. The insurer was not a party to the suit, and the person or persons responsible for preparing the letter were not called to testify. Accordingly, we conclude that this exception is inapplicable, and that the letter has no evidentiary value.

▇▇ Without considering the letter, the only evidence before the trial court tending to favor Will's position was the late filing of the proof of loss. If timely proof of loss is a condition precedent to recovery under the policy, failure to comply with that condition is a complete defense to liability on the part of the insurer. *Commercial Union Assur. Co. v. Preston,* 115 Tex. 351, 282 S.W. 563 (1926); *Latham v. Mountain States Mutual Casualty Co.,* 482 S.W.2d 655 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.). Thus, if the insurer had wholly refused to settle the claim, it might be inferred that the late filing proximately caused Wills' damages. In the present case, however, the insurer settled for $15,519.41, and thus apparently elected not to defend on the proof of loss condition. Although Wills urges that the insurer simply "bought its peace" through this settlement, no evidence of the nature or content of the settlement negotiations was introduced at trial. At best, the evidence here only raises a suspicion or surmise that the late filing of the proof of loss proximately caused a lesser settlement than that to which Wills was allegedly entitled. Instructed verdicts traditionally have been held proper in such situations. *Hunter v. Carter,* 476 S.W.2d 41 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.); *Pair v. Caraway Drilling Co.,* 250 S.W.2d 292 (Tex.Civ.App.—East-

land 1952, writ ref'd n. r. e.); *Holt v. Collins,* 131 S.W.2d 813 (Tex.Civ.App.—Waco 1939, writ dism'd judgmt. corr.).

Affirmed.

GUITTARD, C. J., not participating.