Guadalupe C. ALVAREZ, Petitioner,

v.

MISSOURI–KANSAS–TEXAS
RAILROAD COMPANY,
Respondent.

No. C–3108.

Supreme Court of Texas.

Dec. 12, 1984.

Rehearing Denied Feb. 6, 1985.

Kidd, Whitehurst & Harkness, Mack Kidd and William O. Whitehurst, Jr., Austin, for petitioner.

Graves, Dougherty, Hearon & Moody, Dan Moody, Jr., David H. Donaldson, Jr., and Thomas I. Davies, Austin, for respondent.

ROBERTSON, Justice.

Guadalupe C. Alvarez sued Missouri-Kansas-Texas Railroad Company for damages sustained when he was struck by its train at a crossing. The trial court rendered judgment for Alvarez. The court of appeals reversed the judgment and remanded the cause for a new trial, holding that the wording of Special Issue No. 1 constituted an impermissible comment on the weight of the evidence. 670 S.W.2d 338. We reverse the judgment of the court of appeals and remand the cause to that court for consideration of the remaining points.

On the night of December 26, 1975, Alvarez was on his way to the grocery store with two other men, Antonio Ledesma and Antonio Tijerina. Ledesma and Tijerina occupied the front seat of the automobile and Alvarez occupied the right rear passenger seat. Their car stalled on the railroad tracks as an M–K–T train was approaching the crossing.

Robert Donnell, the engineer, and Grover Campbell, the head brakeman, were riding in the engine of the train. They testified that they were between 1,000 and 1,500 feet from the crossing when they saw the car stop on the tracks. When they saw the front seat passenger get out of the car and begin waving his hands, Campbell told Donnell, "It looks like they're playing chicken." Shortly thereafter, the driver got out and ran toward the front of the car. Upon seeing the car's driver exit, Donnell immediately applied the emergency brakes on the train. At that moment, the train was about 450 feet from the crossing.

Meanwhile Alvarez tried to get out of the car. In the panic of the moment, he was unable to get the rear door open, and so he climbed over the front seat to exit through the front door. The train hit the car just as Alvarez jumped for safety, and his left leg was severed below the knee.

The trial court's judgment was based upon the jury's answer to Special Issue No. 1 which was submitted over the objection of M–K–T. Special Issue No. 1 reads:

On the occasion in question do you find from a preponderance of the evidence that the Missouri-Kansas-Texas Railroad Company was negligent in its (a) speed, (b) in not timely applying the brakes, (c) in its lookout or (d) in failing to sound the train whistle or horn. If any of your answers in Column 1 are "Yes," was any such negligence a proximate cause of the

occurrence in question? Answer "Yes" or "No" on the corresponding line of Column 2.

| | Column 1<br>Negligence | Column 2<br>Proximate Cause |
|---|---|---|
| a. Speed | ___ | ___ |
| b. Brakes | ___ | ___ |
| c. Lookout | ___ | ___ |
| d. Whistle/Horn | ___ | ___ |

The jury answered "No" to "a", "c", and "d", but answered "Yes" to "b" and found that such negligence was a proximate cause of the occurrence in question.

The court of appeals reversed, holding that the court's use of the words "not timely" in its charge constituted an impermissible comment on the weight of the evidence. The court held that whether M–K–T had made a timely application of the brakes was "a fact question to be submitted to and decided by the jury." 670 S.W.2d at 346.

■ The trial court is not required to submit each fact question separately and distinctly. *Lemos v. Montez*, 680 S.W.2d 798 (Tex.1984); *Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex.1981). Since 1974, this Court has approved the submission of broad negligence issues. *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex. 1974). In Special Issue No. 1, the jury was asked the controlling question in the case— whether M–K–T was negligent.

■ M–K–T contends that the issue was not submitted in a neutral manner. Texas Rule of Civil Procedure 277 provides that "[t]he court in its charge shall not comment directly on the weight of the evidence or advise the jury of the effect of their answers." Therefore, special issues are to be worded so as to avoid assuming the truth of a material controverted fact. *Johnson v. Zurich General Accident & Liability Ins. Co.*, 146 Tex. 232, 205 S.W.2d 353 (1947).

■ However, even if the wording of a special issue constitutes an implied comment, not every such comment is cause for reversal. *Mason v. Yellow Cab & Baggage Co.*, 153 Tex. 344, 269 S.W.2d 329, 330 (1954); *Texas Employers Ins. Ass'n v.*

*McKay*, 146 Tex. 569, 210 S.W.2d 147 (1948); *see also* 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 12.03.2, at 233 (rev. 1983). It must be one that would probably cause the rendition of an improper judgment. Tex.R.Civ.P. 503; *see also Rapid Transit Lines, Inc. v. Doyle*, 450 S.W.2d 767, 768 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). In considering whether the court's use of the words "not timely" constituted a harmful comment on the weight of the evidence, we must look to the circumstances of the particular case and to the charge as a whole. *Mason*, 269 S.W.2d at 330; *McKay*, 210 S.W.2d at 149.

In this case, it was undisputed that there was a time gap between the moment the car was first observed on the tracks and the moment the train's brakes were finally applied. The engineer admitted that he purposely delayed applying the emergency brakes for five to six seconds in order to determine for himself whether the car was playing chicken with the train.

Considering the entire record in the case, it was obvious to the jury that the primary question was whether this undisputed time delay constituted negligence. The essence of M–K–T's argument is that the wording of Special Issue No. 1 caused the jurors to convert that question into an instruction from the court that M–K–T had not exercised due care.

■ Viewing the charge as a whole, the word "timely" was merely mentioned in the body of the issue. The jury's answer was listed on a line beside the heading of "Brakes" and under the column of "Negligence." Thus, the jury's attention was focused on consideration of the brakes, and it was asked the controlling question of negligence. Part "d" of Special Issue No. 1 asked whether M–K–T was negligent "in failing to sound the train whistle or horn." Arguably, this wording might also be viewed as a comment on the weight of the evidence; yet the jury apparently understood there that the controlling question was negligence and answered "No" to part

**378**

"d". It is also unlikely that the jury was misled by the wording of part "b".

Undoubtedly, Special Issue No. 1 could have been better worded. However, "in an already complicated field like that of special issues, we cannot strain too hard for perfection without ultimate damage to the whole jury system in civil cases." *Mason,* 269 S.W.2d at 331. Based upon the circumstances of this entire case and upon the charge as a whole, we hold that Special Issue No. 1 was at most a harmless comment and that it was not a proper ground for reversal of the trial court.

We reverse the judgment of the court of appeals and remand the cause to that court for consideration of the remaining points.