Max T. HIRDLER, Jr., and Marcia Campbell, Appellants,

v.

Mary Ann BOYD, Thelma R. Hirdler, Lena Ann Higgins, and Charles P. Higgins, Appellees.

No. 04–83–00507–CV.

Court of Appeals of Texas, San Antonio.

Dec. 24, 1985.

Rehearing Denied Jan. 24, 1986.

728

Gerald R. Zwernemann, Terrence A. Willis, Hickey, Mastin & Willis, San Antonio, for appellants.

Oliver B. Chamberlain, Andrew Cline, Bayne, Snell & Krause, David R. Weiner, Norma V. Busse, San Antonio, for appellees.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

OPINION

BUTTS, Justice.

This appeal arises from a will contest, brought by the appellants, Marcia Campbell and Max T. Hirdler, Jr., to the will of Blanche L. Stout, deceased. Appellants contest the validity of the will on two grounds: an exertion of undue influence and lack of testamentary capacity. The jury answered issues in favor of appellees and the trial court admitted the will to probate.

Blanche Stout executed a formal will in her attorney's office in May, 1967. The decedent's sister, Pauline Campbell (now also deceased), was visiting Mrs. Stout at the time she executed the will. It is Pauline Campbell's alleged influence over Mrs. Stout which is being contested. In her will,

the decedent devised an option to purchase certain land and mineral rights to certain relatives, not parties to this appeal; bequeathed certain specific items to named individuals not parties to this appeal; a typewriter to Mrs. John Boyd; all her wearing apparel, linens, dishes, and silverware to Pauline E. Campbell and her daughter, Marcia Campbell; one-half of the residuary estate to her brother, Max T. Hirdler, Sr., and his wife, or to Marcia Campbell should Max T. Hirdler or his wife not survive the testatrix; and the remaining one-half of the residuary estate to her cousin, Lena Ann Higgins and her husband. The decedent appointed Mary Ann Boyd independent executrix of the estate. In January, 1972, Mrs. Stout suffered a blow to her head. She was treated at a hospital emergency room and admitted to the hospital for overnight observation. Mrs. Stout died in July, 1981.

Appellants complain on appeal that the trial court erred in his jury instruction by commenting on the weight of the evidence and that the trial court erroneously excluded certain evidence.

The trial court instructed the jury that "[a] person of sound mind has the legal right to dispose of his property as he wishes; and, *it is immaterial that the jury may feel the disposition of the property should have been different*" (emphasis added). Appellants complain the trial court directly commented on the weight of the evidence in his wording of this instruction. They claim the underscored language precluded the jury from considering evidence of undue influence because part of the proof to establish undue influence is the fact that the disposition is an unnatural one.[1]

■ The trial judge may not directly comment on the weight of the evidence. TEX.R.CIV.P. 277. A comment on the weight of the evidence occurs when the judge assumes the truth of a material con-

---

1. Appellees urge that appellant Campbell preserved error only as to the underscored portion of the instruction and that appellant Max T. Hirdler failed to preserve error as to any of the

instruction. Because we find no error in the giving of this instruction, we feel no need to determine whether appellants' objections are sufficient to preserve appellate review.

troverted fact, or exaggerates, minimizes, or withdraws some pertinent evidence from the jury's consideration. *Alvarez v. Missouri-Kansas-Texas Railroad Co.,* 683 S.W.2d 375, 377 (Tex.1984); 3 R. Mc-DONALD, TEXAS CIVIL PRACTICE § 12.03.2 (1983 rev. ed.). In deciding whether an instruction constitutes an impermissible comment on the weight of the evidence, we consider the charge as a whole. Furthermore, not every comment is a ground for reversal. It must be one that would probably cause the rendition of an improper judgment. *Alvarez v. Missouri-Kansas-Texas Railroad Co., supra;* TEX. R.CIV.P. 434. The court may incidentally comment when necessary or proper as part of an explanatory instruction or definition. *Board of Regents of North Texas State University v. Denton Construction Co.,* 652 S.W.2d 588, 595 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.).

We must consider the court's entire charge to the jury. The trial court further instructed the jury that:

'Undue influence' as used in this charge is such influence or domination by excessive importunities, imposition or fraud exercised at the time of the making of said instrument, as destroys the free agency of the testator and overcomes his wishes in regard to the disposition of his property to such an extent that the instrument does not in fact express his wishes as to the disposition of his property, but those of the person exercising such influence.... [and] that it was exercised with respect to the making and execution of the will.

 The trial court properly charged the jury on the issue of undue influence.[2] The jury failed to find that the testatrix was acting under the undue influence of Pauline Campbell. While a disposition may be unnatural, that alone is insufficient to sustain a finding of undue influence. *Rothermel v. Duncan,* 369 S.W.2d 917, 922 (Tex.1963); *In re Estate of Price,* 401 S.W.2d 98, 102 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.). The influence must have existed and been exercised at the time of the making of the will. We find the questioned instruction is not an impermissible comment on the weight of the evidence nor was the jury misled by the instruction. Even if it were such a comment, we find it to be harmless when considered with the entire charge. As such, it does not constitute reversible error.

Appellants complain the trial court erred in refusing to admit into evidence a letter written by Dr. Robert Partain concerning Mrs. Stout's mental condition. In the letter, written in 1972 subsequent to Mrs. Stout's head injury, Dr. Partain states that Mrs. Stout suffers from severe organic mental syndrome and should be under custodial care. The doctor further states that "[o]ther history was obtained from a Mrs. Odom, who was the patient's landlady, and a Mrs. Boyd, who had been a friend and companion of Mrs. Stout for the last fifteen years. According to these ladies, Mrs. Stout has experienced progressive difficulty with memory for the past six years." Dr. Partain signed the letter but did not attest it. Dr. Partain did not testify in court or by deposition. Appellants contend the letter is admissible because it is not too remote in time to be relevant; the letter is part of the probate court records in a prior guardianship proceeding concerning Mrs. Stout; the letter is a business record; the statements by Mrs. Boyd are admissions of a party opponent and therefore an excep-

2. To prove undue influence the contestant must prove (1) the existence and exertion of an influence; (2) the effective operation of such influence so as to subvert or overpower the mind of the testator at the time of the execution of the testament; and (3) the execution of a testament which the maker thereof would not have executed but for such influence. *Rothermel v. Duncan,* 369 S.W.2d 917, 922 (Tex.1963). An unnatural disposition is a circumstance to be considered in finding undue influence, (*id.* at 923), however, that alone is insufficient. *In re Estate of Price,* 401 S.W.2d 98, 102 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.). The jury must also find the existence and exertion of an influence which overcomes the testator's will and a testament produced which expresses the will of the one exerting the influence. *Rothermel v. Duncan, supra.*

tion to the hearsay rule; the statements were made for the purpose of receiving medical treatment; and the physician may give his opinion if not based wholly on hearsay.

▬▬▬ We will first determine whether the letter itself is admissible. To be admissible as part of the business records exception to the hearsay rule, the proponent of the document must establish that it was made in the regular course of business; it was the regular course of business for an employee with knowledge of the act, event, or condition to make the memorandum; and that it was made at or near the time of the act, event, or condition, or reasonably soon thereafter. TEX.REV.CIV.STAT. ANN. art. 3737e (Vernon Supp.1985).[3] Appellants offered no proof the letter is a business record and the trial court therefore properly excluded it. *Wills v. R.G. Beneke & Co.*, 570 S.W.2d 79, 80 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.). Furthermore, since the doctor wrote the letter in response to a request from appellant's attorney at that time, it is not a medical or a business record. *Texas Employer's Insurance Association v. Sauceda*, 636 S.W.2d 494, 499 (Tex.App.—San Antonio 1982, no writ).

▬▬▬ Article 3726 permits an instrument allowed or required by law to be filed with the county clerk, and which has been on file ten years, to be admitted into evidence without the necessity of proving its execution. TEX.REV.CIV.STAT.ANN. art. 3726 (Vernon Supp.1985).[4] Article 6626 lists what may be recorded: deeds, mortgages, conveyances, deeds of trust, bonds for title, etc. Act of June 8, 1951, ch. 403, § 1, 1951 Tex.Gen.Laws, Local & Spec. 745, *repealed by* Act of June 19, 1983, ch. 576, § 6, 1983 Tex.Gen.Laws 3729, 3729–30. An instrument is a legal document (such as a bill, bond, deed, mortgage, lease, note, or will) which gives formal expression to a legal act or agreement, or which creates,

secures, modifies, or terminates a right. Accounts, ordinary letters, and memoranda are not instruments under article 3726. *See Weisbrod v. Weisbrod*, 27 Cal.App.2d 712, 81 P.2d 633, 636–37 (1938); *Price v. Cloud*, 90 A. 415, 416 (Del.Super.Ct.1914); *Whalen v. State Farm Mutual Auto Insurance Co.*, 51 Wis.2d 635, 187 N.W.2d 820, 822 (1971); BLACK'S LAW DICTIONARY 719 (5th ed. 1979). The doctor's letter is not a legal document or one conferring legal rights on another. The fact that it was on file in the probate court records in excess of ten years does not lend any truth to the statements made in it. The letter from the doctor is not an instrument permitted or allowed to be recorded within the meaning of article 3726. Since appellants failed to prove its execution, the trial court did not err in refusing to admit it into evidence.

We do not consider whether the statements by Mrs. Boyd are properly admissible under the admissions of a party opponent exception to the hearsay rule. Dr. Partain's letter is hearsay because it is not admissible as a medical or business record or as a court record. His statement as to what Mrs. Boyd may have said is inadmissible hearsay. *Finn v. Finn*, 658 S.W.2d 735, 745 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); *Day & Zimmermann, Inc. v. Strickland*, 483 S.W.2d 541, 546 (Tex.Civ. App.—Texarkana 1972, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.

ESQUIVEL, Justice dissenting.

In my opinion appellant's objections are sufficient to preserve appellate review of the complained of construction. I therefore disagree with the majority opinion in its holding that the trial court's instruction complained of was not reversible error.

I am of the opinion that appellants were prejudiced thereby. The instruction in-

---

**3.** Article 3737e was repealed in so far as civil causes are concerned effective September 1, 1983. However, trial of this cause occurred prior to the effective date of the repeal.

**4.** Article 3726 was repealed, in so far as it affects civil causes, effective September 1, 1983, subsequent to trial of this suit.

formed the jury of the effect of their answers.

As pointed out by the majority, the two issues of testamentary capacity and undue influence were correctly defined by the court to the jury and were all the jury were asked about and should have been interested in. The instruction in question was not necessary to enable the jury to in any manner pass upon the testamentary capacity of the deceased or whether she was unduly influenced. The underscored portion of the instruction almost tells the jury that they should disregard evidence of unnatural disposition of property; this denied appellants a determination by the jury of unnatural disposition, a factor that can and should be determined by a jury in arriving at the question of whether or not there was undue influence.

For these reasons I would reverse the judgment of the trial court and remand this cause for a new trial.