EDWARDS TRANSFER COMPANY, INC., Appellant,

v.

Glenn Ray BROWN, Ricky Brown, Kay King, and Mary Jenkins, Appellees.

No. 05–86–00775–CV.

Court of Appeals of Texas, Dallas.

Oct. 16, 1987.

Rehearing Denied Dec. 1, 1987.

Michael L. Knapek, Terry Hyatt, Dallas, for appellant.

Tony D. Crabtree, Brenda J. Damuth, Warwick H. Jenkins, Dallas, for appellees.

Before DEVANY, STEWART and HECHT, JJ.

HECHT, Justice.

In a separate published opinion we overruled Edwards Transfer Company, Inc.'s third point of error and sustained its fourth point of error. For the reasons stated in that opinion we have concluded that the judgment of the district court must be reversed and the case remanded for further proceedings. To assist in such proceedings and to fulfill our responsibility to the par-

ties, Tex.R.App.P. 90(a), we address Edwards' 21 other points of error.

### Points of Error 1, 5, 6, 9, 15, 17, 19 and 20

This was a hard fought, well tried case by all parties. The evidence on all material issues was in sharp dispute. Counsel have done a thorough job of setting out in the briefs the evidence on both sides of each issue. We say all this merely to explain why it is unnecessary to summarize here all of the evidence to determine its sufficiency. We have carefully reviewed the evidence summarized in the briefs as well as the entire record, applying the standards for legal and factual sufficiency set out in *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981) (no evidence), and *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 594 (Tex.1986) (sufficiency of the evidence). Without serious question, sufficient evidence exists to support the jury's findings. Edwards' points of error 1, 5, 6, 9, 15, 17 and 20 are overruled.

As for point of error 19, although there was some evidence of the amount of funeral expenses in the testimony of Mary Jenkins, there was no evidence that the expenses paid were reasonable. Such evidence is required. *Solis v. Garcia*, 702 S.W.2d 668, 671 (Tex.App.—Houston [14th Dist.] 1985, no writ). Edwards' point of error 19 is therefore sustained. The award of funeral expenses must be reversed. However, because the entire case must be remanded for other reasons, judgment is not rendered that appellees recover no amount for funeral expenses.

### Point of Error 2

The funeral bulletin was hearsay and improperly admitted. *Sherrill v. Estate of Plumley*, 514 S.W.2d 286, 290 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd, n.r.e.). The error, however, was harmless on this record. Edwards' point of error 2 is overruled.

### Point of Error 7

■ There is no evidence that Edwards' employees were Acme's borrowed servants. Although Acme instructed the Edwards employees where to hang the hoist, there was only one obvious place to hang it—centered over the only elevator shaft. Acme also provided cables and clamps. This evidence is not sufficient to raise the issue of whether Edwards' employees were Acme's borrowed servants. *Producers Chem. Co. v. McKay*, 366 S.W.2d 220, 225–226 (Tex. 1963). The district court did not err in refusing Edwards' request to submit to the jury issues inquiring whether its employees were borrowed servants of Acme. Edwards' point of error 7 is overruled. Of course, we do not opine whether the evidence would be sufficient upon retrial of the case to raise the borrowed servant issue.

### Point of Error 8

■ The jury finding that Edwards was negligent in failing to use a softener in hanging the hoist does not conflict logically or legally with their finding that Edwards was not negligent in wrapping the cable around the I–beam. Edwards' point of error 8 is overruled.

### Points of Error 10, 18 and 21

■ After carefully reviewing the evidence we conclude that the jury awards of actual and exemplary damages were not influenced by passion or prejudice and are not excessive, relative either to the evidence or to each other, but the result of the jury's honest convictions. *See Texas Consol. Transp. Co. v. Eubanks*, 340 S.W.2d 830 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.); *Louisiana & Arkansas Ry. v. Chapin*, 225 S.W.2d 614 (Tex.Civ.App.—Texarkana 1949, writ ref'd). Edwards' points of error 10, 18 and 21 are overruled.

### Point of Error 11

■ We have looked at plaintiffs' exhibit 6, the photograph of deceased Jenkins' face. Although it is hardly pleasant to view, it is not so gruesome as to shock the jury or cause Edwards unfair prejudice. Admissibility of the photograph in evidence was a matter committed to the sound discretion of the district court. *See Cheek v. Zalta*, 693 S.W.2d 632, 635 (Tex.App.—Houston [1st Dist.] 1985, no writ). The district court did not abuse its discretion. Edwards' point of error 11 is overruled.

### Point of Error 12

■ The district court inquired of the jury:

What sum of money, if paid now in cash, would fairly and reasonably compensate the following individuals for their damages, if any, resulting from the death of Robert Jenkins?

Consider the following elements of damage and none other. Consider each element of damage separately. Do not include damages for one element in any other element.

Answer for each individual in Dollars and Cents, if any, or "None":

*  *  *  *  *  *

(c) Loss of the parent-child relationship suffered in the past, resulting from the death of Robert Jenkins.

(d) Loss of the parent-child relationship which, in reasonable probability, will be suffered in the future resulting from the death of Robert Jenkins.

The district court erroneously commented upon the evidence in failing to include the words, "if any", after the word "relationship" in each subparagraph. Instructing the jury that they may find damages of "None" does not eliminate the comment because the jury could find that the relationship existed but was not injured. In a case where the existence of the relationship is a central issue and one submitted to the jury, an incidental comment on the existence of that relationship is significant. We cannot say, however, that the error was reversible. *See Alvarez v. Missouri–Kansas–Texas R.R.*, 683 S.W.2d 375 (Tex.1984). "Undoubtedly, [the issue] could have been better worded." *Id.* at 378. On retrial it can be. Edwards' point of error 12 is overruled.

*Points of Error 13, 14, 16 and 23*

■ The district court included the definition of gross negligence in a single issue inquiring as to exemplary damages. This it was permitted to do. Tex.R.Civ.P. 277. The issue is a model issue.

■ The jury's finding that Edwards' negligence was a proximate cause of Jenkins' death includes a finding that the same conduct as gross negligence was also a proximate cause of his death. The district court was not required to inquire separately as to proximate cause relative to gross negligence.

■ Any negligence of Acme cannot be determined and compared with Edwards'. *Varela v. American Petrofina Co.*, 658 S.W.2d 561 (Tex.1983). Neither can any gross negligence of Acme. The purpose of an award of exemplary damages is to punish the wrongdoer. Such punishment is individual, not comparative.

Edwards' points of error 13, 14, 16 and 23 are overruled.

*Point of Error 22*

■ Ivory Bostic's deposition testimony taken in a separate proceeding was properly introduced at trial. The requirements of Texas Rule of Evidence 804(b)(1) were met. Edwards' point of error 22 is overruled.