**SHAFER PLUMBING AND HEATING, INC., Appellant,**

v.

**CONTROLLED AIR, INC., Appellee.**

No. 04–86–00537–CV.

Court of Appeals of Texas, San Antonio.

Oct. 21, 1987.

Rehearing Denied Dec. 9, 1987.

Thomas J. Walthall, Jr., San Antonio, for appellant.

Malcolm C. Halbardier, Robert D. Huerta, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a building construction case. Appellee, subcontractor Controlled Air, Incorporated (Controlled) contracted with appellant subcontractor Shafer Plumbing & Heating, Inc. (Shafer) to construct the air-conditioning duct work on behalf of Shafer for a church project. After considerable work on the project, Controlled submitted a bill to Shafer for $36,000.00. Shafer refused to pay contending that the work was defective, and Controlled abandoned the project due to non-payment. Controlled sued for breach of contract, open account and quantum meruit. Shafer counterclaimed for cost of completion and repair above the original contract price. Based upon the jury findings, the trial court entered judgment in favor of Controlled for $36,000.00, $15,000.00 attorney's fees, interest and costs, and severed the mechanic's lien claims of Controlled against the owner and contractor. We affirm.

The issues before us are:

1) whether the trial court erred in submitting broad Issues No. 1 and No. 2;

2) whether there is no evidence or insufficient evidence to support the jury answer to Issue No. 2;

3) whether the trial court erred in severing the cause of Controlled against Shafer from the causes against the owner and general contractor, Trinity Church Windcrest and Contemporary Enterprises, Inc., which involved the mechanic's lien claim; and

4) whether the trial court erred in not granting Shafer a directed verdict as to the mechanic's lien claim.

The evidence is uncontradicted that:

1) Controlled contracted with Shafer to do the air conditioning duct work on behalf of Shafer on a church project;

2) Controlled performed services and provided material on the project under the contract until they abandoned the project;

3) Shafer refused to pay Controlled anything when Controlled submitted its initial bill for $36,000.00.

Shafer attempted to establish that they were justified in making no payment to Controlled, because of defective work of Controlled, which required repair and replacement. Controlled attempted to establish that their work was in accordance with the contract, and they were justified in abandoning the project due to non-payment.

Shafer contends the trial court erred in submitting broad Issues No. 1 and No. 2. The issues in question as answered by the jury are:

## SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that the Plaintiff was justified in abandoning the job because of the failure of the Defendant, SHAFER PLUMBING & HEATING, INC., to pay Plaintiff?

Answer "Yes" or "No."

Answer: Yes

If you have answered Special Issue No. 1 "Yes," then answer Special Issue No. 2; otherwise, do not answer Special Issue No. 2.

## SPECIAL ISSUE NO. 2

Find from preponderance of the evidence the reasonable value of the labor and materials put into the building by CONTROLLED AIR, INC. in accordance with the contract in question by and between CONTROLLED AIR, INC. and SHAFER PLUMBING & HEATING, INC.

Answer in dollars and cents, if any.

Answer: $36,000.00

In its brief, Shafer argues that the court should have submitted their requested Special Issue No. 2. However, the record discloses that Shafer only submitted the following written requested issue:

## SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Controlled Air, Inc. performed its work in accordance with the contract in question by and between Controlled Air, Inc. and Shafer Plumbing & Heating, Inc., which justified payment?
ANSWER: WE DO ____

WE DO NOT ____

ACCEPTED ____     REFUSED  ✕

has been modified & submitted in No. 2

—RR—

JUDGE PRESIDING

TEX.R.CIV.P. 277 provides:

It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues.

"This court has repeatedly written that Rule 277 will be applied as written." *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 924 (Tex.1981). Where the court has fairly submitted the controlling issues raised by the pleadings and the evidence, the case shall not be reversed because of the failure to submit other various phases or different shades of the same issue. TEX.R.CIV.P. 279; *Holmes v. J.C. Penney Company*, 382 S.W.2d 472 (Tex.1964). A special issue not requested in writing is waived and presents nothing for review on appeal. TEX.R. CIV.P. 279; *Edwards v. Gifford*, 137 Tex. 559, 155 S.W.2d 786 (1941).

In *Morgan v. Singley*, 560 S.W.2d 746 (Tex.Civ.App.—Texarkana 1977, no writ), Morgan, the subcontractor to Singley, abandoned the project claiming justification due to non-payment of the installment by Singley. The jury found Morgan abandoned the project without justification. The Court of Appeals concluded that:

1. Morgan's abandoning the project without justification was a breach of the contract;

2. Singley's refusal to pay was not a breach of the contract by implied finding of the trial court (TEX.R.CIV.P. 279);

3. reciprocal agreements in a contract are presumed dependent and not independent absent an intent to the contrary, and that the breach of one will excuse performance of the other.

Under contracts for personal service, "it has been recognized that if performance is wrongfully prevented by the other party, the injured party may recover either on the contract itself or in quantum meruit, at his election." *Garlitz v. Carrasco*, 339 S.W.2d 92, 96 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.). "If the contractor's failure to complete the building results from the owner's breach rather than his own, the contractor may elect to rescind the contract and recover for the reasonable value of his services. *Kleiner v. Eubank*, 358 S.W.2d 902, 905 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.). In that event, the contractor is entitled to recover in quantum meruit the reasonable value of the labor and materials he has put into the building in accordance with the contract, whether the result has any value to the owner or not. *See Manett, Seastrunk & Buckner v. Terminal Building Corp.*, 120 Tex. 374, 39 S.W.2d 1, 5 (1931); *Texas Associates v. Joe Bland Construction Co.*, 222 S.W.2d 413, 422 (Tex.Civ.App.—Austin 1949, writ ref'd n.r. e.)." *Beeman v. Worrell*, 612 S.W.2d 953, 957 (Tex.App.—Dallas 1981, no writ).

In this case we hold that Issues No. 1 and No. 2 are broad issues as approved by *Burk Royalty* and fairly submitted the controlling questions raised by the pleadings and evidence. The only requested issue by Shafer was merely a different shade of the same issues, which does not justify reversal. TEX.R.CIV.P. 279; *Holmes v. J.C. Penney Co.*, 382 S.W.2d 472. As in

*Morgan,* the jury answers in this case found that the breach of the contract was Shafer's refusal to pay rather than Controlled's abandoning the project. As in *Garlitz,* Controlled could recover either on breach of contract or quantum meruit. As in *Beeman,* Controlled could recover the reasonable value of the labor and materials put in the building in accordance with the contract as found by the jury in Special Issue No. 2. Shafer has failed to show abuse of discretion on the part of the trial judge.

■ Appellant also contends that the word "failure" in Issue No. 1 was a comment on the weight of the evidence. We disagree.

Appellant's reliance on *Alvarez v. Missouri–Kansas–Texas Railroad Co.,* 683 S.W.2d 375 (Tex.1984) is misplaced. In *Alvarez,* the Supreme Court held that the use of the word "not timely" and "failure" in issues involving negligence were "at most a harmless comment and that it was not a proper ground for reversal of the trial court." *Alvarez v. Missouri–Kansas–Texas Railroad Co.,* 683 S.W.2d at 378. In ruling, the Supreme Court stated:

> Undoubtedly, Special Issue No. 1 could have been better worded. However, 'in an already complicated field like that of special issues, we cannot strain too hard for perfection without ultimate damage to the whole jury system in civil cases.' *Mason,* [*v. Yellow Cab & Baggage Co.,* 153 Tex. 344], 269 S.W.2d [329] at 331 [1954].

*Alvarez v. Missouri–Kansas–Texas Railroad Co.,* 683 S.W.2d at 378.

In this case it was uncontradicted that Shafer refused to pay the bill. The issue did not assume a controverted fact. *Johnson v. Zurich General Accident & Liability Ins. Co.,* 146 Tex. 232, 205 S.W.2d 353 (1947); *Alvarez v. Missouri–Kansas–Texas Railroad Co.,* 683 S.W.2d at 377. It was obvious to the jury that the primary question was the justification of Controlled in abandoning the project. Without justification, the abandonment was clearly a breach of the contract. We see it unlikely the jury was misled by the word "failure" in Issue

No. 1. Further, as in *Alvarez,* even if it was a comment, it was harmless. The complaint is rejected.

■ Shafer next contends that the record does not contain any evidence or insufficient evidence to support the jury answer to Issue No. 2. Shafer insists that as a result, the trial judge should have granted an instructed verdict or at least a new trial. We disagree.

A no evidence point is a question of law and we can consider only that evidence and the reasonable inference therefrom which viewed in its most favorable light support the jury finding and we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex.1981); *McClure v. Allied Stores of Texas, Inc.,* 608 S.W.2d 901, 904 (Tex.1980). In determining the sufficiency of the evidence "the court of appeals must consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985). However, we must always remain cognizant that it is for the jury to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the evidence. *Town & Country Mobile Homes, Inc. v. Bilyeu,* 694 S.W.2d 651, 656 (Tex.App.—Fort Worth 1985, no writ); *Precision Homes, Inc. v. Cooper,* 671 S.W.2d 924 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Therefore, in determining the sufficiency of the evidence, appellate courts must recognize from the verdict of the jury what the jury, in their discretion, chose to believe. In so doing, we must accept the jury's resolution of any conflicts or inconsistencies in the evidence and not attempt to substitute our beliefs for theirs.

The record discloses the sworn testimony of Robert G. Woodlee, principal air conditioning mechanic of Controlled, supporting the jury findings as to Issue No. 2. Woodlee testified that the duct work done by

Controlled at the project in question was good, that Shafer first voiced a complaint as to the work of Controlled one week before Controlled abandoned the job, and that the reasonable value of the work done by Controlled prior to leaving was $36,-000.00. The no evidence complaint is rejected.

Shafer attempted to establish that the work of Controlled was substandard which justified the non-payment of the bill submitted by Controlled. Controlled attempted to establish that the work was of standard quality, and the non-payment justified abandoning the project. The jury verdict clearly reveals the jury chose to believe the contention of Controlled and that the reasonable value for the work done was $36,-000.00. Reviewing all the evidence in the light of what the verdict reveals the jury obviously believed, we cannot conclude that the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain,* 709 S.W.2d at 176.

■ Shafer next complains the court erred in granting a severance of the mechanic's lien claim against the owner and contractor after the trial on the merits.

"A claim may be properly severed if it is part of a controversy which involves more than one cause of action, and the trial judge is given broad discretion in the manner of severance and consolidation of causes, *McGuire v. Commercial Union Ins. Co. of N.Y.,* 431 S.W.2d 347 (Tex. 1968)." *Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522, 525 (Tex.1982). A severed reformation claim after a summary judgment is granted in an effort to expedite appellate review, is not an abuse of discretion. *Cherokee Water Co. v. Forderhause,* 641 S.W.2d at 526. Under Rule 41, Texas Rules of Civil Procedure, "a trial court has broad discretion in questions of severance, and that [sic] its action should not be disturbed on appeal unless there has been an abuse of that discretion prejudicial to a complaining party. *Parker v. Potts,* 342 S.W.2d 634 (Tex.Civ.App.1961, writ ref'd n.r.e.); *Rice v. Travelers Exp. Co.,* 407 S.W.2d 534 (Tex.Civ.App.1966, no writ)." *Williams v. Cassel,* 515 S.W.2d 403, 406 (Tex.Civ.App.—Austin 1974, no writ).

The record reflects that prior to an answer being filed by Shafer, Controlled filed a motion to sever in anticipation of a default judgment seeking to separate the cause of action against Shafer from those against the owner and contractor. No ruling was obtained prior to trial after Shafer filed an answer. The motion to sever was again filed and urged after trial in an effort to make the judgment against Shafer final. The severed causes involved the owner and general contractor who had not been served and were not before the court. As in *Cherokee Water,* the severance was granted after trial to expedite appellate review.

The order of the Court states:

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED that the cause of action by Plaintiff/Cross–Defendant, CONTROLLED AIR, INC., against Defendant/Cross–Plaintiff, SHAFER PLUMBING & HEATING, INC., be severed from that cause of action existing against CONTEMPORARY ENTERPRISE, INC. and TRINITY CHURCH OF WINDCREST, and that the cause of action of the Plaintiff/Cross–Defendant, CONTROLLED AIR, INC., existing against CONTEMPORARY ENTERPRISE, INC. and TRINITY CHURCH OF WINDCREST be docketed separately under Cause Number 85–CI–11785A.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Cross–Plaintiff, SHAFER PLUMBING & HEATING, INC., take nothing by reason of its Cross–Action against the Cross–Plaintiff, CONTROLLED AIR, INC.

THIS COURT FURTHER FINDS that the foreclosure of the mechanic's and materialman's lien is hereby expressly reserved for judgment in the severed Cause Number 85–CI–11785A and it is so ORDERED.

We readily note that the parties in the new suit do not include Shafer, and that the court does not act with regard to the me-

chanic's lien but "expressly reserve for judgment" the matter of the mechanic's lien.  Therefore, any valid argument regarding the invalidity of the mechanic's lien has not been foreclosed, and no final ruling has been made involving the mechanic's lien controversy.  Shafer has failed to show sufficient prejudice suffered as a result of the severance to justify reversal.  *Williams v. Cassell*, 515 S.W.2d at 406.  No abuse of discretion is shown, and the complaint is rejected.

The remaining points of error pertain to the trial court's denying a directed verdict to Shafer as to the mechanic's lien at the time it granted the severance.  The denial of the directed verdict is consistent with the granted severance which was discretionary with the court.  The severance severed the mechanic's lien controversy entirely to a separate cause of action.  The court expressly reserved all findings pertaining to the mechanic's lien for disposition in the separate cause which has yet to be resolved.  No final findings being before us as to the mechanic's lien presents nothing for this court to review.

The judgment is affirmed.