### GILLILAND v. TUCKER.

No. 13282.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 20, 1935.

Rehearing Denied Jan. 10, 1936.

William S. Harris, Leo Brewster, and Goree & Rice, all of Fort Worth, for appellant.

Wm. Sproesser Wynn, of Fort Worth, for appellee.

BROWN, Justice.

Appellee Tucker sued appellant, Gilliland, in the county court at Law No. 2 of Tarrant county for a broker's commission arising over the leasing of certain premises in the city of Fort Worth by Gilliland to one Dr. McGuire. The case was tried to a jury, and six special issues were given by the court in the main charge, and five special issues were given at the request of the defendant below. The issues are in substance as follows:

Issue No. 1: Did Tucker and Gilliland enter into an agreement whereby Tucker was to procure a tenant for the property in question? Answer: Yes.

Issue No. 2: Did Gilliland agree to pay Tucker the usual and customary broker's fee for his services? Answer: Yes.

Issue No. 3: What is the usual and customary broker's fee in Fort Worth? Answer: Five per cent.

Issue No. 4: What does Gilliland owe Tucker? Answer: $159.38.

Issue No. 5: Was Tucker the procuring cause of the execution of the lease? Answer: Yes.

Issue No. 6: Did Tucker abandon his efforts to procure a tenant for the property prior to the execution of the lease? Answer: No.

Defendant's issue No. 1: Did Gilliland agree to pay a commission to Tucker? Answer: Yes.

Defendant's issue No. 2: Did Gilliland act in good faith in undertaking to negotiate the lease with the lessee? Answer: No.

Defendant's issue No. 4 (being the third issue requested): Do you find from a preponderance of the evidence that H. B. Tucker and M. S. Hosea agreed as between themselves to divide the commission, if any, for the procuring of the lease from the defendant, T. B. Gilliland, to Dr. McGuire as lessee? Answer: Yes.

Defendant's issue No. 5 (being the fourth issue requested): Do you find from a preponderance of the evidence that M. S. Hosea was the agent and representative of Dr. McGuire in the transaction of the negotiations for the lease in question? Answer: No.

Defendant's issue No. 6 (being the fifth requested issue): Was Gilliland without full knowledge of the agreement between the said agents to divide the commission at the time Gilliland began negotiations personally with the lessee? Answer: No.

On this verdict, the trial court rendered judgment for Tucker against Gilliland, and Gilliland has appealed.

The facts in the case are that one Dr. McGuire was looking for a location, and that he communicated his wishes to a man by the name of M. S. Hosea, who was engaged in the business of a real estate broker, although this was not his exclusive business. Hosea took it upon himself to contact appellee, Tucker, whom he considered an efficient broker for handling leases, and Tucker contacted appellant, Gilliland, the owner of a building.

The undisputed evidence is that Hosea, acting for Dr. McGuire, set forth the terms that Dr. McGuire was willing to enter into to procure the lease; that these were relayed to Tucker, and Tucker presented them to Gilliland, and the undisputed evidence is that Gilliland refused to accept the terms and stated that he believed he could get more for his property. The same proposition was mentioned to Gilliland by Tucker on more than one occasion, and each time Gilliland declined to consider entering into the lease.

The undisputed facts are that McGuire leased another building and remained therein until an elderly lady patient tripped on the stairway and fell, and, after such occurrence, Dr. McGuire decided to obtain a building where he could have his office on the ground floor. His undisputed testimony is that he saw a rental sign put up by Gilliland, and on this lead he contacted Gilliland many months after the first proposition of leasing had been made, and the leasing followed this contact.

The undisputed evidence is that Gilliland knew nothing of Hosea's connection with the transaction and that Gilliland and McGuire never at any time discussed the proposition of the leasing of the premises at the time when Tucker was putting the proposition up to Gilliland.

The undisputed evidence is, and the jury so found, that Hosea and Tucker had an agreement to split whatever commission they could get out of the transaction, and that, when Gilliland and Dr. McGuire finally entered into the lease agreement, Hosea immediately advised Tucker and told him to demand his broker's fee. The undisputed evidence is that Hosea was Dr. McGuire's agent. He so testified unequivocally, and Dr. McGuire testified likewise.

The undisputed evidence shows that Hosea looked over the lease contract prepared by Gilliland and that he advised Dr. McGuire not to execute it because it contained some strong conditions. and terms favorable to Gilliland, among these being the execution of a landlord's lien in favor of Gilliland. All of this evidence shows that Hosea was not only acting for, but protecting the interest of, Dr. McGuire in every way possible. The lease was finally consummated with the provisions eliminated that were distasteful to Hosea.

The evidence discloses that Gilliland did not know of the arrangement between Hosea and Tucker to divide the broker's fees until about the time that he actually closed the deal with Dr. McGuire, and the undisputed evidence is that he not only did not consent to nor acquiesce in such an arrangement, but that he repudiated the transaction and denied any obligation to Tucker and refused to pay him any commission.

■ Under the undisputed facts, we do not believe that Tucker has shown himself the procuring cause in this transaction, and the finding of the jury that he was the procuring cause cannot be sustained.

The finding of the jury that Gilliland did not act in good faith in undertaking to negotiate the lease with Dr. McGuire is not supported by the evidence and cannot be sustained.

The finding of the jury that Hosea was not the agent and representative of Dr. McGuire in the transaction is against the direct and positive testimony of both Hosea and Dr. McGuire, and such finding cannot be sustained.

■ The finding of the jury that Gilliland was not without full knowledge of the agreement between the two said agents to divide the commission at the time Gilliland began negotiations personally with Dr. McGuire. is not only not a sufficient finding to warrant a judgment in favor of Tucker, for the reason that the principal sought to be held must not only 'have knowledge of the agreement but he must acquiesce therein, and, the undisputed evidence being that Gilliland never acquiesced therein, this finding is of no force and effect.

■ Such an agreement as was testified to in this case between Hosea and Tucker is one, under the facts in this case, contrary to public policy. Here we find Hosea attempting to testify to facts entitling Tucker to recover a broker's commission which Hosea testifies he has an equal interest in with Tucker, and he never at any time contacted Gilliland, but acted as the go-between representing Dr. McGuire and was advising Dr. McGuire not to make a lease with terms favorable to Gilliland but one favorable to Dr. McGuire—all of which was done.

For the reasons stated, the judgment of the trial court is reversed and judgment here rendered that appellee take nothing against the appellant.