## MODICA v. HOWARD.

### No. 3902.

Court of Civil Appeals of Texas. Beaumont.

April 30, 1942.

**1094** ■

J. A. Veillon and D. F. Sanders, both of Beaumont, for appellant.

G. H. Wilder, of Beaumont, for appellee.

WALKER, Chief Justice.

On the 19th day of October, 1939, while walking north on Irving street, Beaumont, appellee, Jerome Howard, was struck and injured by appellant, Joe Modica, while backing his big oil truck from his filling station into Irving street. In this case appellee, on the verdict of a jury answering special issues, was awarded judgment for $1,000 in damages for the personal injuries suffered by him.

Appellant complains that the court erred in refusing to submit to the jury his requested issues, under his plea of contributory negligence, whether appellee (a) "failed to keep a proper lookout of the defendant's truck," together with issues (b) and (c), submitting "negligence" and "proximate cause." Appellant reserved the following exception to the ruling of the court refusing to submit his requested issues: "The foregoing special issue is duly prepared and presented to the Court in the plaintiff's counsel and after examining same is hereby refused, to which the defendant accepted."

■ We overrule appellee's "counter points" that special issue No. (a) was "unintelligible and could not have been properly understood by the jury," and that his exceptions to the refusal of the court to submit his issues "may not be considered because no proper exception was taken to the action of the trial court." The phrase "to keep a proper lookout of the defendant's truck," as used by appellant in his requested issue would not have been "unintelligible" to the jury; the meaning was plain—"to keep a proper lookout for the defendant's truck." The requested issue was "in substantially correct wording," as prescribed by Rule 279, Texas Rules of Civil Procedure. In his lecture before the judicial section of the State Bar of Texas, July 3, 1941, Mr. Chief Justice Alexander, construing Rule 279, said:

"It will also be noted that the issue, definition, or instruction must be tendered in substantially correct form. This does not mean that it must be absolutely correct, nor does it mean that one that is merely sufficient to call the matter to the attention of the court will suffice. It means one that in substance and in the main is correct, and that is not affirmatively incorrect."

Appellant's special issue No. (a) was not "affirmatively incorrect," but was correct "in substance and in the main."

■ Appellant's exception to the ruling of the trial court refusing to submit his requested special issue is sufficient to direct our attention to the error complained of. It is clear that appellant intended to say that the special issue "was prepared and presented to the Court by the plaintiff's counsel," and not "in the plaintiff's counsel"; and that he "excepted" to the ruling of the court and did not "accept."

■ The evidence raised the issue that appellee failed to keep a proper lookout for defendant's truck, and therefore the court erred in refusing to submit the issue to the jury. Allen v. Denk, Tex.Civ.App., 87 S.W. 2d 303; Texas P. & L. Co. v. Culwell, Tex. Com.App., 34 S.W.2d 820.

■ Appellant plead generally against appellee the issue of contributory negligence—that "the plaintiff, at the time and just prior to the injury, if any he sustained, was guilty of acts, wrongs and omissions on his part, which constituted negligence and was a proximate cause of the injury, if any he sustained, and the defendants plead contributory negligence in bar of his cause of action." Appellee reserved no exception to this plea; it was sufficient to support appellant's requested issue. Houston, E. & W. T. Ry. Co. v. Lynch, Tex.Civ.App., 208 S. W. 714.

The other points presented can be obviated on another trial.

Reversed and remanded.