Claire **GILLEN**, Appellant,

v.

Mary Lou Miller **STEVENS** et vir, Appellees.

No. 3668.

Court of Civil Appeals of Texas.

Waco.

Dec. 2, 1959.

Rehearing Denied Dec. 31, 1959.

Rosenfield, Berwald & Mittenthal, Dallas, for appellant.

Eades & Eades, Dallas, for appellees.

WILSON, Justice.

Appellant's action against appellee was for recovery of a real estate agent's commission. Appellant urges error in overruling her motion for instructed verdict.

Appellee executed a "uniform listing contract" July 1, 1957, giving to Fred Peek, called the "Broker", the exclusive agency and right to sell her home for $63,000 or any sum the owner might accept. The exclusive agency was for 90 days. Peek agreed, as a member of the Multiple Listing Service of the Dallas Real Estate Board, to list the property with the Service. Appellee agreed to pay Peek a 5% commission in the event he or any member of the Multiple Listing Service procured a purchaser during the 90 days. The agreement provided that members of the Service "may act in association with the Broker in procuring or attempting to procure a purchaser." Peek is not a party to the suit.

Peek testified that other members of the Multiple Listing Service are entitled to seek

purchasers for listed properties. "We have to let other agents show it. The members have the privilege of selling each other's properties." He did not employ appellant. Appellant testified she had been acting as agent for Jeffrey V. Miller for over a year, seeking a suitable house for Miller to buy. On September 30, 1957, a contract of sale of appellee's house was signed. Miller was the purchaser. Fred Peek Agency signed the contract as agent for the seller. Appellant signed as "agent for the buyer." By this contract of sale appellee agreed to pay Peek an agent's commission.

Appellant says that since she procured a buyer who entered into a contract to purchase, she is entitled to one-half the commission appellee agreed to pay Peek. Peek was appellee's agent; appellant was not. Appellant acted as agent for the buyer. There is nothing in the record to show any privity between appellant and appellee. Indeed, as agent for the buyer, she could not properly act as agent for the seller under this record without the latter's acquiescence. Gilliland v. Tucker, Tex.Civ.App., 89 S.W.2d 475; Burleson v. Earnest, Tex. Civ.App., 153 S.W.2d 869, writ ref. w. m.; 7 Tex.Jur. Sec. 47, p. 436. Such acquiescence is not shown. Appellant was not a "middleman" under her evidence. She does not seek a division of commission from Peek. Peek is not attempting to recover a commission from appellee.

Appellant says that since Peek was authorized to utilize efforts of other members of the Service, and since appellee accepted the benefit of her services in procuring a purchaser, there is a ratification of her employment, and consequent liability. This contention postulates "employment." It did not exist. Appellant was not Peek's "sub-agent or co-broker" as in Allen v. Roach, Tex.Comm.App., 292 S.W. 195. She relies on Craft v. Netherton, Tex.Civ.App., 276 S.W.2d 855. There the broker assigned his claim for commission to a member of the Multiple Listing Service. The present question was not involved. The trial court did not err in overruling the motion for instructed verdict. Art. 6573a, Sec. 28, Vernon's Tex.Civ.Stats.

Appellant's assignments that issues submitted are not ultimate, and that the answers should have been disregarded, are not tenable. If they are disregarded, appellant is in no better position. The issues complained of were not pleaded, and if it be conceded they are evidentiary, no issue was submitted or requested upon which judgment for appellant could be based. There are no findings of fact by the trial court. Any omitted issues are deemed found in support of the judgment. Rule 279, Texas Rules of Civil Procedure. Appellant's points are overruled.

Affirmed.