**Clinton B. FAWCETT, Appellant,**

v.

**Charlie BELLAH, Appellee.**

**No. 1179.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 22, 1977.

C. W. Mann, Corpus Christi, for appellant.

Pedro P. Garcia, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a contract case. Plaintiff, Charlie Bellah, brought suit against the Defendant, Clinton B. Fawcett, to recover his architect's fees for the preparation of plans for the construction of a commercial laundry establishment. Trial was to a jury. In response to the special issues submitted and answered, the trial court entered judgment for the Plaintiff. From this judgment, Defendant has perfected his appeal to this Court.

Plaintiff is a licensed architect and engineer. In October of 1972 a Mr. Robert Evers, who is in the laundry equipment business, introduced the parties, Plaintiff and Defendant, to each other. The purpose of the meeting was to arrange for the designing by the Plaintiff architect and the building by Defendant Fawcett of a laundromat on some property owned by the Defendant. At this meeting the litigants discussed the building, the costs and the architect's fee. The record indicates that the Plaintiff left with the Defendant a form type contract that set out in detail the architectural fees Plaintiff would be charging for his services. Later that same month the Defendant contacted the Plaintiff and requested that he go ahead and prepare the plans for the building. Based on this conversation the Plaintiff prepared the plans and performed the other services that he promised to perform which were set out in the form contract. There was no formal written contract, however, executed by the parties.

After the plans had been completed, the Plaintiff submitted his bill for his services. When the Defendant failed to pay the Plaintiff for the services rendered, Plaintiff filed an affidavit of lien against the Defendant's property and brought the present lawsuit seeking to recover his architectural fees in the amount of $4,260.00, plus interest and attorney's fees. The Defendant filed a general denial and a cross-action in which he stated that he "was not bound under any contract to pay the cross-defendant (plaintiff Bellah) for his plans and specifications unless the building was constructed" and that he sought damages in the amount of $50,000.00 for the filing of the above described lien which he alleged was a cloud on the title to his land. He also sought to have the purported lien extinguished.

The case was tried primarily on the theory that the Plaintiff's architectural fees were contingent upon the Defendant being able to obtain 100% financing for the construction of the building and that since he did not obtain such financing he did not owe the Plaintiff anything; therefore, the Plaintiff wrongfully placed a lien and cloud upon the title to his property for which he sought relief.

The case was submitted to the jury on the following special issues:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Plaintiff and Defendant had reached an agreement whereby Plaintiff was to prepare plans and specifications for the construction of a building proposed to be erected at the corner of Doddridge Street and South Staples Street?

Answer 'Yes' or 'No.' ANSWER: Yes

If you have answered Special Issue No. 1 'Yes,' then answer Special Issue No. 2; otherwise, do not answer Special Issue No. 2.

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that Plaintiff had completed his architectural duties up to the time of the actual construction of the proposed building?

Answer 'Yes' or 'No.' ANSWER: Yes

If you have answered Special Issue No. 2 'Yes,' then answer Special Issue No. 3; otherwise, do not answer Special Issue No. 3.

SPECIAL ISSUE NO. 3

What sum of money, if any, if paid now, would reasonably compensate the Plaintiff for his services actually performed?

Answer in dollars and cents, if any. ANSWER: $4,260.00

SPECIAL ISSUE NO. 4

What sum of money, if any, if paid now, would reasonably compensate the Plaintiff's attorney in the trial of this case. In arriving at this figure, you shall consider the amount of time spent by Plaintiff's attorney in the preparation of this lawsuit and the actual trial itself.

Answer in dollars and cents, if any. ANSWER: $1,800.00 "

Special Issue Nos. 5 and 6 concerned attorney's fees on appeal which the jury answered zero.

Special Issue No. 7: "Do you find from a preponderance of the evidence that securing 100% construction financing was a condition precedent to the agreement, if any, between the parties?" ("condition precedent" was then defined by the court). The jury answered "No". The jury then found that the Plaintiff filed an affidavit of lien knowing that the lien was invalid at the time it was filed (Special Issue No. 8), but that the Plaintiff did not file such a lien with malice (Special Issue No. 9). Special Issue No. 10 was conditional and not answered. The jury, in Special Issue No. 11, was then asked to find that the Plaintiff, although knowing that the lien was invalid, refused to release it at the request of the Defendant. The jury answered "No." Special Issue No. 12, a conditional issue, was not answered. Next the jury was asked to find that the Plaintiff's refusal to release the lien caused the Defendant to lose a sale on the property. Again the jury answered "No." Special Issue No. 14 was a condition-

al issue and not answered. In Special Issue No. 15, the jury found that the Defendant failed to exercise reasonable efforts to minimize the damages, if any, suffered by him.

Based on the answers to all of these issues, the trial court entered judgment awarding the Plaintiff $4,260.00, attorney's fees in the amount of $1,800.00, plus interest and costs.

■ Defendant's first point of error complains of the action of the trial court in overruling Defendant's objection to Special Issue No. 1 set out above. Defendant's objection was that Special Issue No. 1 was not a controlling issue to any cause of action in the case. The Defendant argues as part of his multifarious objection to the court's charge that the issue, if answered yes by the jury, would at best constitute only a gratuitous promise by Plaintiff with no consideration forthcoming from the Defendant. This point of error is overruled.

The Plaintiff's pleadings stated "that on or about November 1, 1972, Plaintiff entered into a contract with Defendant wherein Plaintiff agreed to prepare plans and specifications for the construction of a building  .  .  ." The pleadings go on to state that the plans and specifications were completed and delivered to the Defendant; that the Defendant approved and accepted the plans and specifications and has retained them; that the Plaintiff billed the Defendant for the amount of the work performed; and that the Defendant failed and refused to pay. It is clear from Plaintiff's pleadings and the evidence in the record that the Plaintiff had an express agreement to prepare the plans and specifications and that the Defendant agreed to pay the Plaintiff for his services. There was no exception to Plaintiff's pleadings. Although the Defendant testified that the Plaintiff's work was contingent on his securing 100% financing, the jury apparently chose not to believe him.

■ The first issue was in substantially correct form. If the Plaintiff were to prove up a valid contract, this would have been a proper first issue of a series of issues going to Plaintiff's case in the main. Defendant's objection did not point out distinctly the grounds that he now argues here on appeal. Defendant's objection to the court's charge that the trial court failed to submit a controlling fact issue does not warrant reversal for this reason above. Unless he specifically sets out a proper complaint and objects specifically thereto so that the trial court may correct the error, if there be one, the objection may be overruled as being too general. See *Western Hills Hotel, Inc. v. Ferracci*, 299 S.W.2d 335 (Tex.Civ.App.— Fort Worth, writ dism'd by agr.).

The Defendant's contention that the issue is not a controlling fact issue to any cause of action pled by the Plaintiff actually raises the same questions and arguments that Defendant asserts in his third point of error in which he complains of special issue number three and in which he acknowledges in his brief to be his main contention on appeal. This main contention here on appeal is that Plaintiff pled and tendered evidence only on an express contract and therefore was not entitled to these issues which inquire into the existence, vel non, of an implied contract or recovery in quantum meruit.

■ The Plaintiff admits that his recovery is based on an express contract and argues that these issues prove up such fact. Where an express contract covers the subject matter of a lawsuit, there can be no implied contract or recovery in quantum meruit. *Freeman v. Carroll*, 499 S.W.2d 668 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.).

■ The question before us then, and the one raised in Defendant's first four points of error, is, whether or not the pleadings, the evidence, and issues will support the judgment in Plaintiff's favor. Although Special Issue No. 1 inquires as to whether or not the parties reached a specific agreement, it does not specifically inquire as to the existence of consideration. This was not error. Special Issue No. 3, although misworded slightly, is really an inquiry to the jury as to the amount of the consideration that the parties undeniably agreed upon. The third issue probably

should have read: "What sum of money, if any, was agreed upon by the parties as compensation of the Plaintiff's architectural work." However, Defendant's objection to Special Issue No. 3 did not address itself to this complaint. If this issue as submitted was improperly worded, it was harmless error because the Defendant has not demonstrated on appeal that such error caused or probably caused the rendition improper judgment. Rule 434, T.R.C.P. The amount of money due for the services rendered was virtually undisputed. The main damage question was whether or not any money was due Plaintiff.

In any event, the trial court must have impliedly found consideration in the jury's specific findings that Plaintiff and Defendant had entered into an agreement whereby the Plaintiff was to prepare the plans and specifications for the Defendant and that the Plaintiff had completed such duties. Under Rule 279, T.R.C.P., an omitted issue can be deemed to be found where it is necessary to support a judgment. *Dee v. Parish*, 160 Tex. 171, 327 S.W.2d 449 (1959); *Utay v. Urbish*, 433 S.W.2d 905 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.); *Gillen v. Stevens*, 330 S.W.2d 253 (Tex.Civ.App.—Waco 1959, writ ref'd n.r.e.). As Professor Hodges states in his treatise on special issues ". . . 'an omitted issue' is a single issue of the kind which might properly be submitted to the jury as one, and only one, of the special issues submitted to the jury. It does not by itself constitute a ground of recovery or defense." G. Hodges, Special Issue Submission in Texas, 196 (1959). Omitted issues, that constitute only a part of a complete and independent ground of recovery, are deemed found in support of judgment, if they are supported by evidence. *Reliable Life Insurance Company v. Torres*, 509 S.W.2d 409 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.). In this case, no proper objection was made to the absence of a correctly worded issue on consideration, and therefore a finding of consideration is deemed.

As was stated earlier herein, the Plaintiff did not specifically plead for a recovery in quantum meruit nor was his proof based on this theory. His recovery was based on an express contract and the issues were sufficient to support a recovery on this basis. Rule 279, T.R.C.P., provides that where the trial court has fairly submitted the controlling issues raised by the pleadings and evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issues. Although the courts have held that an issue must be tendered in substantially correct form, this requirement does not mean that the issue must be absolutely correct. *Call of Houston, Inc. v. Mulvey*, 343 S.W.2d 522 (Tex.Civ.App.—Houston 1961, no writ); *Modica v. Howard*, 161 S.W.2d 1093 (Tex.Civ.App.—Beaumont 1942, no writ). Defendant's first four points of error are overruled.

In his final point of error Defendant complains of the action of the trial court in not limiting Special Issue No. 3 to services actually performed by Plaintiff alone. The basis of Defendant's complaint is that the issue as worded, allowed the jury to consider work done by Plaintiff's employees along with the work done by Plaintiff himself. In support of his position the Defendant relies on *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex.Sup.1962) and *Tenneco Oil Co. v. Padre Drilling Co.*, 453 S.W.2d 814 (Tex.Sup.1970). Both of these cases originally construed Article 2226 (attorney's fees) to restrict recovery for personal services to those services actually performed. Whatever analogy the Defendant now seeks between these cases and the case at Bar was destroyed by the 1971 amendment to Article 2226 which deleted the reference to personal services and authorized a recovery merely for services rendered. Today services under Article 2226 may include work done by one's employees and/or his equipment. *Mathews Construction Company, Inc. v. Jasper Housing Construction Co.*, 528 S.W.2d 323 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). See *Clark Advertising Agency, Inc. v. Tice*, 490 F.2d 834 (5th Cir. 1974); *Howard v. French-Brown Floors Co.*, 542 S.W.2d 709 (Tex.Civ.

App.—Dallas 1976, no writ). The testimony concerning the services performed by Plaintiff shows that all the work done by Plaintiff for Defendant was done by the Plaintiff himself, his employees or others at Plaintiff's request and that the Plaintiff paid for those services. Clearly he was entitled to recover these services as part of his fee. We see no relationship to Defendant's objection to Special Issue No. 3 and the attorney's fee, Article 2226. Defendant's fifth point of error is overruled.

The judgment of the trial court is affirmed.