Jose PLACENCIO, Petitioner,

v.

ALLIED INDUSTRIAL INTERNATION-
AL, INC. and Coast Industrial
Exchange, Inc., Respondents.

No. C–3979.

Supreme Court of Texas.

Jan. 28, 1987.

Rehearing Denied March 11, 1987.

Russell H. McMains, William R. Ed-
wards, Edwards, McMains, Constant & Ter-
ry, Corpus Christi, Guy Allison, Law Of-
fices of Guy Allison, Corpus Christi, for
petitioner.

Richard C. Keene, Gray & Keene, San
Antonio and G. Thomas Coghlan, Lang,
Cross, Ladon, Boldrick & Green, San Anto-
nio, for respondents.

## OPINION

RAY, Justice.

This is a products liability case. Jose
Placencio was injured while operating a
grinding wheel. The wheel flew apart and
fragmented the right guard of the bench
grinder to which the wheel was attached.
The guard fragments struck Placencio in
the head and face, causing severe injuries.
Placencio sued Allied International, Inc.
and Coast Industrial Exchange, Inc., dis-
tributors of the bench grinder. Based
upon jury findings that the bench grinder
was defectively marketed and designed, the
trial court rendered a joint and several

judgment against Allied and Coast. The court of appeals reversed the trial court's judgment and remanded the cause for a new trial, holding that the misuse issues requested by Allied should have been submitted to the jury.[1]  685 S.W.2d 364. We reverse the judgment of the court of appeals and affirm that of the trial court.

The misuse issues and definition, as requested by Allied, were as follows:

"Misuse" means a use of the bench grinder that Defendant could not have reasonably foreseen.

Special Issue No. 2

Do you find from a preponderance of the evidence that Jose Placencio misused the bench grinder in question?

We the Jury answer _____

If you have answered the foregoing question "yes" and only in that event, answer the following question.

Special Issue No. 3

Was such misuse a proximate cause of the occurrence in question?

Answer "yes" or "no."

We the Jury answer _____

Special Issue No. 4

Find from a preponderance of the evidence the respective percentage by which each cause contributed to the occurrence in question.

Answer by stating the percentage, if any, opposite each name.

The percentage you find must total 100%.

| | |
|---|---|
| Plaintiff's misuse | _____% |
| Product defect | _____% |
| Total | 100 % |

Placencio contends that Allied's misuse issues were not submitted to the trial court in substantially correct form and therefore that the court of appeals erred in reversing the trial court's judgment.

■ This situation is controlled by TEX. R.CIV.P. 279 which provides that the trial court's failure to submit an issue shall not be a ground for reversal of the judgment unless the issue was tendered in substantially correct wording.

[S]ubstantially correct ... does not mean that it must be absolutely correct, nor does it mean one that is merely sufficient to call the matter to the attention of the court will suffice. It means one that in substance and in the main is correct, *and that is not affirmatively incorrect.*

*Modica v. Howard*, 161 S.W.2d 1093, 1094 (Tex.Civ.App.—Beaumont 1942, no writ) (emphasis added), *citing* Chief Justice Alexander's lecture before the judicial section of the State Bar of Texas, July 3, 1941. Issue No. 4, as tendered by Allied, is affirmatively incorrect because it assumes material controverted facts. *See Johnson v. Zurich General Accident & Liability Ins. Co.*, 146 Tex. 232, 205 S.W.2d 353 (1947). The words "each cause" assume an affirmative finding of more than one cause; and it is clear that the causes referred to are the plaintiff's misuse and the product's defect. The multiple assumptions are that the product was defective, that it was misused by the plaintiff, and that both of these causes contributed to the occurrence. Because the issue as submitted by Allied assumed the truth of material controverted facts, it would have constituted a comment on the weight of the evidence. *See Shihab v. Express-News Corp.*, 604 S.W.2d 204 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

Allied contends that this Court confronted the same question in *Alvarez v. Missouri-Kansas-Texas Railroad Co.*, 683 S.W.2d 375 (Tex.1984) and there held that an implied comment within an issue would not require reversal. However, *Alvarez* involved a situation in which the trial court had submitted the disputed issue; therefore, we were faced with determining whether an implied comment in a *submitted* issue was cause for reversal of the trial court's judgment. In this case we are faced with determining whether an implied comment in a *tendered* issue was cause for the trial court to refuse the issue. We concluded in *Alvarez* that if there were

---

1. This trial began before our decision in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984), which prospectively replaced the defense of misuse with the doctrine of comparative causation.

error in the submission of the disputed issue, it was at most a harmless error and not a proper ground for reversal of the trial court. Thus, we merely applied the general rule that not every trial court error will warrant reversal of its judgment; a trial court's error must be harmful error in order to warrant reversal by an appellate court. TEX.R.APP.P. 81(b), 184.

If in spite of an implied comment, Allied's Issue No. 4 could be deemed "substantially correct," the trial court would have been forced to choose between (1) submitting it and possibly being reversed in the event of appeal by Placencio, or (2) refusing it and being reversed in the event of appeal by Allied. We will not impose such a dilemma upon a trial judge. It was Allied's duty to present the judge with an issue that was not affirmatively incorrect. We hold that the trial court's refusal to submit an affirmatively incorrect issue does not justify reversal; therefore the court of appeals erred in reversing the trial court's judgment.

Allied could have submitted Issue No. 4 in proper form by conditioning it on affirmative answers to prior issues establishing the assumed facts. We approve the State Bar's suggested form of misuse submission in the *Texas Pattern Jury Charges*. Unlike Allied's issue, the form suggested by the *Texas Pattern Jury Charges* is preceded by conditioning language that reads:

> If you have found that the product in question was defective in some manner that was a producing cause of the occurrence in question and you have also found that (the plaintiff) misused the product in some manner that was a proximate cause of the occurrence in question, and only in that event, then answer Question 3.

3 State Bar of Texas, *Texas Pattern Jury Charges* PJC § 72.02A (1982).

Allied also tendered a series of ten other more specific misuse issues. Each of these issues also assumed a disputed fact issue. Therefore, the trial court was justified in refusing to submit them. TEX.R.CIV.P. 279.

By cross-point, Allied contends that the court of appeals erred in holding that Placencio was not required to secure a jury finding that the bench grinder reached him without substantial change or alteration. In *General Motors v. Hopkins*, 548 S.W.2d 344 (Tex.1977), this court treated alteration as a type of misuse and thus as an affirmative defense on which the defendant had the burden of proof. *See also Blackwell Burner Co., Inc. v. Cerda*, 644 S.W.2d 512, 520 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.) Placencio met his burden as plaintiff by proving and securing jury findings that both a design and a marketing defect existed when the grinder left Allied's possession and that these defects were a producing cause of the occurrence. *See Pittsburg Coca-Cola Bottling Works v. Ponder*, 443 S.W.2d 546 (Tex.1969). Allied's cross-point is overruled.

Allied also had three points of error before the court of appeals that were not addressed by that court. While better practice would have Allied assign cross-points on these complaints as well, Allied is nevertheless entitled to have them considered. *Roark v. Allen*, 633 S.W.2d 804 (Tex.1982). To avoid unnecessary delay, we will consider these law points rather than remand them to the court of appeals.

In all three points, Allied contends that the trial court erred in refusing to submit its requested special issues and instruction on alteration. There is no evidence to show that Placencio altered the bench grinder; instead the alleged alterations were all acts done by Placencio's employer. The submission of special issues and instructions on product alteration is not required when it is alleged that someone other than the plaintiff altered the product; therefore Allied was not entitled to submission of these issues or to its proposed instruction. *See Blackwell Burner Co., Inc. v. Cerda*, 644 S.W.2d 512, 520 (Tex. Civ.App.-San Antonio 1982, writ ref'd n.r.e.).

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

SPEARS, J., concurs with opinion.

HILL, C.J., dissents in an opinion joined by CAMPBELL and GONZALEZ, JJ.

SPEARS, Justice, concurring.

I do not agree with the majority's holding that Allied's misuse issues were not submitted in substantially correct form; however, I join this court's judgment that affirms the trial court's judgment.

To establish the defense of misuse, Allied was required to produce evidence (1) that Placencio misused the bench grinder; (2) that the manner in which Placencio misused the bench grinder was unforeseeable by Allied; and (3) that Placencio should have reasonably foreseen that his actions would cause his injury or a similar type of injury. *See General Motors, Inc. v. Hopkins,* 548 S.W.2d 344, 351–352 (Tex.1977). After examining the record, it is clear that Allied produced no evidence that Placencio's alleged misuse was unforeseeable to Allied or that Placencio should have foreseen that his actions would cause his injury. Therefore, Allied's requested misuse issues, although submitted in substantially correct form, were properly refused.

HILL, Chief Justice, dissenting.

I dissent. The trial court's refusal to submit a requested special issue constitutes reversible error if (1) there is evidence supporting submission of the issue, TEX.R.CIV.P. 277, and (2) the party requesting the issue tendered it to the court in substantially correct form, TEX.R. CIV.P. 279. Having searched the record, I find that there is some evidence that Placencio improperly installed the grinding wheel as an integral part of the working unit, that he applied excessive pressure to the side of the grinding wheel, and that he jammed the drill bit between the grinding wheel and the bench grinder's guard. Thus, there is evidence to support a finding that Placencio's misuse proximately caused this injury and this evidence supports the submission of Allied's misuse issues to the jury. Allied's misuse issues therefore should have been submitted unless they were not tendered in substantially correct form.

Allied's misuse instruction and special issues numbers 2 and 3 were contained in the Texas Pattern Jury Charges. 3 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 72.02B (1982). Special issue number 4 was also contained in the Texas Pattern Jury Charges; however, the pattern jury charge is preceded by the following conditioning language:

> If you have found that the product in question was defective in some manner that was a producing cause of the occurrence in question and you have also found that [the plaintiff] misused the product in some manner that was a proximate cause of the occurrence in question, and only in that event, then answer [the following question].

*Id.* Because Allied did not similarly condition its requested special issue number 4, the majority has concluded that the issue was a comment on the weight of the evidence. According to the majority, the words "each cause" suggested that both Allied and Placencio must have contributed to the accident. Thus, the majority reasons that the trial court properly refused to submit the issue to the jury because Allied did not submit the issue in substantially correct form.

I disagree. Allied positioned special issue number 4 after two other requested issues which asked whether the plaintiff misused the product, and if so, whether such misuse was a proximate cause of the occurrence. In addition, special issue number 4 specifically stated that the jury should not assign a percentage of the fault to Placencio unless his misuse of the bench ginder, "if any," contributed to the accident. Because Allied's special issue number 4 was positioned after those two other issues and because it contained the "if any" language, I believe that any impermissible comment on the weight of the evidence was eliminated, and that Allied's tendered misuse issues were in substantially correct form. "Substantially correct form" does not mean perfect. *Fawcett v. Bellah,* 556 S.W.2d 598, 602 (Tex.Civ.App. —Corpus Christi 1977, no writ); *Call of Houston, Inc. v. Mulvey,* 343 S.W.2d 522 (Tex.Civ.App.—Houston 1961, no writ);

*Modica v. Howard,* 161 S.W.2d 1093 (Tex. Civ.App.—Beaumont 1942, no writ).

The majority does not, of course, deny that this Court would have upheld the submission of Allied's special issues if the trial court had actually submitted them. To the contrary, this Court would have upheld the submission of those issues on the ground that any implied comment on the weight of the evidence was harmless error. *See Alvarez v. Missouri-Kansas-Texas Railroad Co.,* 683 S.W.2d 375 (Tex.1984). Yet, despite this fact, the majority has taken the anomalous position that Allied's requested issues are affirmatively incorrect.

As its reliance on nearly forty-year-old precedent demonstrates, the majority opinion signals a retreat back to the hypertechnical special issues practices previously disavowed by this Court. "[I]n an already complicated field like that of special issues, we cannot strain too hard for perfection without ultimate damage to the whole jury system in civil cases." *Id.* at 378; *Mason v. Yellow Cab & Baggage Co.,* 153 Tex. 344, 349, 269 S.W.2d 329, 331 (1954). Accordingly, I would affirm the judgment of the court of appeals and remand the cause for new trial.

CAMPBELL and GONZALEZ, JJ., join in this dissent.