# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

==============
## NO. 03-04-00505-CV
==============

**Linda Sherwood Varela, Appellant**

**v.**

**Servando Varela, III, Appellee**

=========================================================================
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. FM302038, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**
=========================================================================

## M E M O R A N D U M   O P I N I O N

After a trial in this divorce and child custody case, the jury awarded Servando Varela, rather than Linda Sherwood Varela, sole managing conservatorship of the couple's children, and rejected Linda's counterclaims alleging domestic violence. The district court rendered judgment on the verdict. In three issues, Linda Sherwood Varela contends that the district court abused its discretion in limiting the testimony of an expert witness and in failing to include a jury instruction she had requested regarding the conservatorship issue. For the reasons stated below, we affirm the judgment of the trial court.

**BACKGROUND**

We limit our review of the background facts to those relevant to our disposition. Servando Varela and Linda Sherwood Varela married in 1996 and had two children, S.Y.V., a daughter, and S.V., a son.[1] Servando filed the present proceeding for divorce in March 2003 and sought sole managing conservatorship of the children. Linda counterclaimed, asserting as grounds for divorce that Servando was guilty of cruel treatment toward her and that he had a history or pattern of committing family violence. She included several tort claims, including assault and intentional infliction of emotional distress. Additionally, she applied for a protective order to bar Servando from coming into contact with her or the children. After hearing evidence,[2] a magistrate judge issued an order on May 7, 2003, finding that family violence had occurred and was likely to occur in the future, that Servando had committed family violence, and that Servando posed a threat to Linda's physical safety. Tex. Fam. Code Ann. § 85.001 (West 2002). In light of these findings, the order prohibited Servando from coming into contact with or communicating with Linda. However, the magistrate expressly declined to issue a protective order barring Servando's contact with S.Y.V. and S.V., on the condition that Servando complete a twenty-one-day counseling course.

The parties tried their claims to a jury in March 2004. The jury heard disputed evidence of domestic violence by both parties. The district court submitted the following issues: (1) whether grounds existed for divorce based on either insupportability or cruelty, with special issues regarding whether either Servando or Linda was guilty of cruel treatment toward the other; (2)

---

[1] For ease of reference, we will refer to the parties by their first names.

[2] The record of the hearing on the temporary protective order was not made a part of the record on appeal.

managing conservatorship; (3) liability, damages, and punitive damages under Linda's intentional infliction of emotional distress claim; and (4) liability, damages, and punitive damages under Linda's assault claim. The jury found that grounds existed for divorce, specifically found Linda guilty of cruel treatment towards Servando but declined to find Servando guilty of the same against Linda, and awarded sole managing conservatorship of the children to Servando. It also failed to find that Servando was liable for either intentional infliction of emotional distress or assault. The district court rendered a final decree of divorce based on these findings. This appeal followed.

## DISCUSSION

Linda brings three issues on appeal expressly limited to the portions of the divorce decree relating to conservatorship and custody. Her first and third issues concern the manner in which the conservatorship issue was submitted to the jury. In her second issue, Linda claims that the district court improperly limited the testimony of her expert witness regarding patterns of behavior in violent relationships. Linda does not challenge any other jury finding.

**Jury charge issues**

Linda complains that the district court abused its discretion in refusing the following proposed jury instruction:

**LINDA SHERWOOD VARELA'S PROPOSED**
**INSTRUCTION/DEFINITION NO. 2**
**(Sole Managing Conservatorship and Family Violence)**

There is a presumption that a person may not be appointed a sole managing conservator if that person has a history or pattern of past or present physical or sexual abuse directed against a parent, a spouse, or a child. The Court has found

3

that Servando Varela III has a history or pattern of past or present physical or sexual abuse directed against Linda Varela.[3]

In her first issue, Linda asserts that her instruction was required by section 153.004(b), family code, which provides, in relevant part:

> It is a rebuttable presumption that the appointment of a parent as the sole managing conservator of a child or as the conservator who has the exclusive right to determine the primary residence of a child is not in the best interest of the child if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by that parent directed against the other parent, a spouse, or a child.

Tex. Fam. Code Ann. § 153.004(b) (West Supp. 2005); *see* Tex. R. Civ. P. 277 ("The court shall submit such instructions and definitions as shall be proper to enable the jury to reach a verdict."). In her third issue, Linda adds that the district court was required to instruct the jury, as she proposes in the second sentence of her submission, that the district court had already found a "history or pattern of past or present physical or sexual abuse directed against Linda Varela." For that assertion,

---

[3] Servando contends that Linda failed to preserve error regarding the district court's failure to include this instruction in the charge. While Linda included this instruction amid her thirty-page proposed jury charge, the district court did not endorse the instruction as "refused." However, after the district court had subsequently prepared a final charge that omitted the instruction, Linda objected to the court's "not putting the instruction in there for 153.004, that we've discussed before, about the history or pattern of family violence and the effect it has on the appointment of the sole managing conservator." The district court overruled this objection. We hold that Linda preserved error. *See Alaniz v. Jones & Neuse, Inc.*, 907 S.W.2d 450, 451-52 (Tex. 1995) (per curiam); *see also Dallas Mkt. Ctr. Devel. Co. v. Liedeker*, 958 S.W.2d 382, 385-87 (Tex. 1997) (obtaining trial court's endorsement not only means of preserving error regarding refused proposed instruction); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992) ("There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling.").

she relies upon the May 7, 2003 protective order and subsection (f) of section 153.004. Section 153.004(f) provides:

> In determining under this section whether there is credible evidence of a history or pattern of past or present child neglect or physical or sexual abuse be a parent directed against the other parent, a spouse, or a child, the court shall consider whether a protective order was rendered . . . against the parent during the two-year period preceeding the filing of the suit . . . .

Tex. Fam. Code Ann. § 153.004(f). Linda also contends that the findings incident to the protective order that family violence had occurred, was likely to occur in the future, and that Servando had committed family violence were binding on the district court in its subsequent trial of the conservatorship issue. In sum, Linda urges that the prior findings required the district court to instruct the jury both that (1) "the Court" had already found that Servando had "a history or pattern of past or present physical or sexual abuse directed against Linda Varela"; and (2) this finding gave rise to a "presumption" that it was not in the children's best interest for Servando to be named managing conservator.

We review a trial court's decision to submit or refuse a particular instruction under an abuse-of-discretion standard of review. *In re V.L.K.*, 24 S.W.3d 338, 341 (Tex. 2000). "The court shall submit such instructions and definitions as shall be proper to enable the jury to reach a verdict." Tex. R. Civ. P. 277. The trial court has considerable discretion to determine necessary and proper jury instructions. *In re V.L.K.*, 24 S.W.3d at 341. When the complaint is that the trial judge failed to submit a particular definition or instruction, the complaining party must have presented a written request for its inclusion, tendering the proposed definition or instruction in substantially

5

correct wording. Tex. R. Civ. P. 278; *see Placencio v. Allied Indus. Int'l, Inc.*, 724 S.W.2d 20, 21 (Tex. 1987). Substantially correct wording means "one that in substance and in the main is correct, and that is not affirmatively incorrect." *Placencio*, 724 S.W.2d at 21. Examples of improper instructions include those that misstate the law, mislead the jury,[4] or those that comment on the weight of the evidence.[5] Impermissible comments would include those where the court assumes the truth of a material controverted fact, or exaggerates, minimizes, or withdraws some pertinent evidence from the jury's consideration. *Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 241 (Tex. App.—San Antonio 1996, writ denied).

The parties devote much of their briefing to disputing the nature of the rebuttable presumption under section 153.004(b). Servando maintains that, if the presumption had arisen,[6] it would merely have shifted the burden of production to him to adduce evidence that no family violence occurred. Once he discharged this burden, he contends, the presumption "disappeared." Thus, Servando asserts, Linda's instruction would have been an impermissible comment on the weight of the evidence, which the district court properly refused. *See In re M.S.*, 115 S.W.3d 534, 537-38 (Tex. 2003); *General Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993); *Texas A&M Univ. v. Chambers*, 31 S.W.3d 780, 784-85 (Tex. App.—Austin 2000, pet. denied). In contrast, Linda urges that the protective order findings conclusively established the basis for the presumption

---

[4] *See Willis v. Maverick*, 760 S.W.2d 642, 647 (Tex. 1988); *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 89 (Tex. 1973).

[5] *Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 241 (Tex. App.—San Antonio 1996, writ denied).

[6] Servando disputes that Linda adduced "credible evidence" of family violence, pointing to his impeachment of Linda at trial with evidence of a felony conviction and inconsistent statements.

and that it shifted the burden of *proof* to Servando to *dis*prove the presumed fact that it was not in the children's best interest to award him sole managing conservatorship. She suggests that the presumption would be meaningless and an "absurd result" that could not have been intended by the legislature, if Servando could make the presumption "disappear" merely by introducing evidence of best interest. *In re K.A.S.*, 131 S.W.3d 215, 222 (Tex. App.—Fort Worth 2004, pet. denied); *In re D.C.*, 128 S.W.3d 707, 715 (Tex. App.—Fort Worth 2004, no pet.); *Director of Dallas County Child Protective Servs. Unit v. Bowling*, 833 S.W.2d 730, 733 (Tex. App.—Dallas 1992, no writ); *In re B.R.*, 822 S.W.2d 103, 106 (Tex. App.—Tyler 1991, writ denied); *Ziegler v. Tarrant County Child Welfare Unit*, 680 S.W.2d 674, 678-79 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.) (all illustrating breadth of evidence relevant to best interest).[7]

We need not address whether section 153.004(b)'s presumption shifts the burden of proof or merely production because, even under Linda's view of it, the district court did not abuse its discretion in refusing her instruction. In section 153.004(b), the legislature provided that where there is "credible evidence" of a history or pattern of past or present abuse by a parent against another parent, a spouse or child, a presumption arises that awarding the abusive parent sole managing conservatorship would not be in a child's best interest—but it explicitly made this presumption rebuttable. Tex. Fam. Code Ann. § 153.004(b). The rebuttable nature of this presumption stands in sharp contrast to other limitations within section 153.004 where a history or pattern of family violence has been found. *See id.* ("The court *may not appoint* joint managing

---

[7] *See also Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00284-CV, 2005 Tex. App. LEXIS 1815, at *23 (Tex. App.—Austin 2005, pet. denied).

conservators if credible evidence is presented of a history or pattern of past or present child neglect, or . . . abuse) (emphasis added); *id*. § 153.004(d) ("The court may not allow a parent to have access to a child for whom it is shown by a preponderance of the evidence that there is a history or pattern of committing family violence during the two years preceding the date of the filing of the suit or during the pendency of the suit, unless . . . "; *cf. id*. § 153.131(b) (West 2002) (rebuttable presumption that appointment of parents of child as joint managing conservators is in best interest of child; a finding of history of family violence involving the parents of child removes presumption). We presume that the legislature crafted these differing provisions carefully and deliberately, and that they manifest distinct policy choices. *City of Austin v. Lamas*, 160 S.W.3d 97, 102 (Tex. App.—Austin 2004, no pet.); *State v. Shumake*, 131 S.W.3d 66, 75 (Tex. App.—Austin 2003, no pet.). We must give effect to the legislature's policy choices.

Although it would have informed the jury of *a* "presumption" that a person may not be appointed sole managing conservator if that person has a history or pattern of abuse, Linda's proposed instruction omits any clarification or qualification that the presumption is rebuttable, much less how it could be rebutted. *See In re Smith*, 2002 Tex. App. LEXIS 7011, at *7 (Tex. App.—Texarkana 2002, pet. denied) (memorandum opinion). Particularly when its two sentences are read together, the proposed instruction suggests (or at least would tend to confuse the jury) that the presumption is conclusive. The district court did not abuse its discretion in refusing this instruction.

Linda responds that the rebuttable nature of the presumption was clear from the context in which the instruction would have been submitted, as the jury was still required to

determine whether Linda or Servando should be named sole managing conservator.[8] However, considering the instruction and the question together, the district court did not abuse its discretion in determining that the jury would have perceived Linda's proposed instruction as a mandate that it simply award sole managing conservatorship to Linda when answering that question. In addition, Linda implies in her argument that the legal effect of describing a "presumption" in a jury instruction is that the presumption may be rebutted upon presentation of a evidence amounting to a preponderance of the evidence. However, we note that the proposed instruction as worded does not indicate that the presumption might be rebuttable. In fact, the instruction, by indicating that the trial court had found credible evidence of family violence, could reasonably be interpreted to limit the jury's inquiry in the matter. As a result, the trial court could have found the instruction confusing to a jury who would not be familiar with the statute or the manner by which presumptions might function in technical legal usage. *See Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 344 (Tex. App.—Austin 2000, pet. denied); *Green Tree Acceptance, Inc. v. Combs*, 745 S.W.2d 87, 90 (Tex. App.—San Antonio 1988, writ denied); *Ortiz v. O. J. Beck & Sons*, 611 S.W.2d 860, 868 (Tex. Civ. App.—Corpus Christi 1980, no writ).

The district court accordingly did not abuse its discretion in refusing Linda's instruction. We thus need not reach whether the instruction was improper on any other ground. We overrule Linda's first and third issues.

---

[8] Linda's proposed instruction would have accompanied the issue: "Who should be appointed sole managing conservator of the children?"

**Evidentiary issue**

In Linda's second issue, she asserts that the district court abused its discretion in limiting the testimony of an expert witness, Joan Carter, who testified concerning patterns of behavior in violent relationships.[9] When Carter began to testify in general terms about the "dynamics of domestic violence" and the "cycle of violence," the district court interrupted Carter's testimony on its own initiative and, outside the presence of the jury, questioned Linda's counsel regarding the relevance of the testimony. In particular, the district court expressed concern that Carter had met neither Linda nor Servando and could not tie her general knowledge about domestic violence to the specific circumstances of the parties' relationship. Linda's counsel responded that Linda's therapist would also be testifying and would connect Carter's general testimony to the particular circumstances of the parties' relationship. The district court then stated that "if the therapist is going to come and make it all good, I'm happy. I needed to hear that, because otherwise we're just talking in general terms, and unless we can relate those general terms to this specific case, we don't get to do it. That's all." Carter then proceeded to testify about power issues in abusive relationships; emotional and economic reasons why an abused person may not terminate a relationship with the abuser; support systems that may help a person terminate an abusive relationship, and the reasons an abused person might engage in a cycle of reporting abusive incidents and later recanting them.

---

[9] Carter is a senior legal advocate at SafePlace, a domestic-violence shelter, education center, and advocacy group in Austin. Her duties for SafePlace include peer counseling, accompanying victims to court hearings, and serving as an expert witness.

To challenge the exclusion of evidence, a party must (1) attempt to introduce the evidence; (2) if an objection is made, specify the purpose for which the evidence is offered and give the trial court reasons why the evidence is admissible; (3) obtain a ruling from the court; and (4) if the court rules the evidence inadmissible, make a record, through an offer of proof, of the precise evidence the party desires admitted. Tex. R. Evid. 103(a), (b); *Carlile v. RLS Legal Solutions, Inc.*, 138 S.W.3d 403, 411 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The record in this case does not indicate that the district court ever made any ruling to limit Carter's testimony in any way. And even assuming that it did make such a ruling, Linda failed to make an offer of proof to enable us to determine what specific evidence was excluded, whether the district court abused its discretion in excluding it, and whether any improper exclusion affected Linda's substantial rights. *See* Tex. R. Evid. 103(a), (b). As a result, nothing in this record presents an issue about Carter's testimony that we are able to review. We overrule Linda's second issue.

## CONCLUSION

We have overruled Linda Sherwood Varela's issues on appeal. We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:  March 30, 2006

11